JOHN CHILDRESS *v.* STATE.

(*Knoxville.* September Term, 1915.)

INFANTS. Delinquent children. Statutes. Validity.

Const., art. 1, sec. 14, declares that no person shall be put to answer any criminal charge, but by presentment, indictment, or impeachment. Laws 1911, ch. 58, establishing juvenile courts, declares that any child under sixteen who violates any law shall be deemed a delinquent child, and may be committed to the State reformatory, and that in case the child is incorrigible and incapable of reformation he shall be remanded to the proper courts for the trial of criminal offenses. *Held,* that the statute is not in violation of the constitution; the proceeding not being one penal in its nature, but merely for the protection of the delinquent child.

Acts cited and construed: Acts 1911, ch. 58.

Cases cited and approved: Ex Parte Januszewski (C. C.), 196 Fed., 123; Rooks v. Tindall, 138 Ga., 863; Marlowe v. Commonwealth, 142 Ky., 106; Mill v. Brown, 31 Utah, 473; Lindsay v. Lindsay, 257 Ill., 328.

Case cited and distinguished: State ex rel. v. Kilvington, 100 Tenn., 227.

---

FROM ANDERSON.

---

Appeal from the Juvenile Court of Anderson County.—J. H. WALLACE, Judge.

J. B. BURNETT, for appellant.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

In this case John Childress, a minor under sixteen years of age, was committed as a delinquent child to the state reformatory for a period of twelve months, after due proceedings under chapter 58, Public Acts of 1911. It appeared that he was guilty of the crime of larceny, and was properly found to be a delinquent child on a hearing before the county judge of Anderson county sitting as a juvenile court under the said statute.

The case has been brought to this court, and Childress seeks to escape the judgment below by attacking the validity of chapter 58, Public Acts of 1911. It is insisted that said act violates section 14, of art. 1 of the constitution, to the effect:

"That no person shall be put to answer any criminal charge but by presentment, indictment or impeachment."

The statute mentioned outlines certain proceedings to be had before the juvenile courts thereby established with reference to dependent, neglected, and delinquent children, and provides for the disposition, care, education, protection, etc., of such children. Any child under the age of sixteen years who violates any law of the State is declared to be a delinquent child, and the juvenile courts are authorized to commit such a child to the State reformatory or otherwise dispose of the child as set forth in said act.

Such proceedings before a juvenile court do not amount to a trial of the child for any criminal offense. If it be found that the child has violated a law of the State, then he may be adjudged a delinquent child within the meaning of the act. The court, however, does not undertake to punish the child for the crime committed, but undertakes to remove him from bad influences and to make such disposition of the child as to eradicate evil propensities by education, wholesome training and moral instruction.

As pointed out by the court in *Ex parte Januszewski* (C. C.), 196 Fed., 123, the commission of a crime by a child may set the juvenile court in motion, but the court does not try the delinquent minor for the crime. The crime being evidence of delinquency, the court undertakes to remedy the delinquency.

Our statute provides that a child who shall have committed a misdemeanor or felony and has been adjudged to be a delinquent child, if thereafter found by the court to be incorrigible and incapable of reformation, or dangerous to the community, is then to be remanded to the proper courts for the trial of criminal offenses. So the proceedings in a juvenile court are entirely distinct from proceedings in the courts ordained to try persons for crime.

Statutes like chapter 58 of the Public Acts of 1911 have been enacted in many of the States, and have been uniformly upheld.

This court, speaking of the commitment of children to the State reformatory under a previous statute, has said:

"Such statutes are not penal, and commitment is not in the nature of punishment. Such an institution is a house of refuge, a school—not a prison. The object is the upbuilding of the inmate by industrial training, by education and instilling principles of morality and religion, and, above all, by separating them from the corrupting influences of improper associates." *State ex rel.* v. *Kilvington*, 100 Tenn., 227, 45 S. W., 433, 41 L. R. A., 284.

"The commitment of infants to industrial schools, reformatories, or houses of refuge by a judge or justice without a trial is not in violation of the constitutional provisions relating to trial by jury. Such institutions are not prisons, and the proceeding is not a criminal prosecution. The object of the commitment is not punishment, but reformation and education of the infant. . . ." 24 Cyc., 147.

To the effect that these statutes do not interfere with constitutional rights to trial by jury, or immunity from trial except upon presentment or indictment, or with other constitutional rights, see *Rooks* v. *Tindall*, 138 Ga., 863, 76 S. E., 378; *Ex parte Januszewski* (C. C.), 196 Fed., 123; *Marlowe* v. *Commonwealth*, 142 Ky., 106, 133 S. W., 1137; *Mill* v. *Brown*, 31 Utah, 473, 88 Pac., 609; 120 Am. St. Rep., 935; *Lindsay* v. *Lindsay*, 257 Ill. 328, 100 N. E., 892, 45 L. R. A. (N. S.), 908, Ann.

Childress v. State.

Cas., 1914A, 1222. See, also, cases collected in notes to 45 L. R. A. (N. S.), 908, and 18 L. R. A. (N. S.), 886.

The judgment of the juvenile court is affirmed.