THE STATE *v.* VERBAL BOCKMAN.

(*Nashville.* December Term, 1917.)

1. **INFANTS.** Juvenile delinquents. Appeal from judgment. Jurisdiction of supreme court. Statute.

Under Acts 1911, chapter 58, providing for juvenile courts, and outlining their jurisdiction, containing no provision for appeal from the judgments of the juvenile courts created, the supreme court is without jurisdiction of an appeal in the nature of a writ of error prosecuted by one adjudged by the juvenile court of a county to be a delinquent child. (*Post, p.* 224.)

Acts cited and construed: Acts 1911, ch. 58.

Case cited and approved: Childress v. State, 133 Tenn., 121.

2. **APPEAL AND ERROR.** Constitutional or statutory origin of remedy by appeal.

The remedy by appeal, unknown to the common law, is wholly of constitutional or statutory origin, and if no right of appeal is given by statute, by express words or necessary implication, no appeal will lie. (*Post, pp.* 224, 225.)

Cases cited and approved: Wade v. Murry, 34 Tenn., 50; Ex parte Knight, 71 Tenn., 401; Tomlinson v. Board of Equalization, 88 Tenn., 1; Chattanooga v. Keith, 115 Tenn., 588; Staples v. Brown, 113 Tenn., 641.

3. **CERTIORARI.** Supersedeas. Circuit courts. Supervisory jurisdiction over inferior tribunals including juvenile court.

The general appellate and revisory jurisdiction of the circuit court over all inferior tribunals created by the legislature and vested with judicial powers, as the juvenile court of a county, may be invoked by *certiorari* and *supersedeas* where no appeal or writ of error lies for the correction of the judgments of such inferior.tribunals, and such jurisdiction may be exercised, not only when the inferior tribunals have exceeded their powers or

State v. Bockman.

are acting irregularly, but for errors of law and fact. (*Post, pp.* 225, 427.)

Cases cited and approved: Durham v. United States, 5 Tenn., 54; Bob v. State, 10 Tenn., 173; Hawkins v. Kercheval, 78 Tenn., 540; Hayden v. Memphis, 100 Tenn., 583.

4. **COURTS.** Jurisdiction of supreme court and court of civil appeals. Supervision of action of juvenile courts. Statutes. ''Court of law.'' ''Court of equity.'' ''Common-law court.'' ''Circuit court.''

Under Thompson's Shannon's Code, section 6321a, vesting only appellate jurisdiction in the court of civil appeals, extending to all cases brought up from courts of equity or chancery courts, with certain exceptions, and to all civil cases tried in the circuit and common-law courts of the State, and section 6329, providing that the supreme court has no original jurisdiction, but appeals and writs of error or other proceedings for the correction of errors lie from the inferior courts of law and equity within each division to the supreme court held for that division, neither the supreme court nor the court of civil appeals can have immediate supervision of the action of a juvenile court, which is not a "court of law," a "court of equity," a common-law court," or a "circuit court." (*Post, pp.* 427, 428.)

Code cited and construed: Secs. 6321a, 6329 (T.-S.).

5. **COURTS.** Judgment of juvenile delinquency. Review by certiorari. Jurisdiction of circuit court. Statute.

Under Thompson's Shannon's Code, section 6063, 6072, providing that jurisdiction of all matters not otherwise provided for is intrusted to the circuit court, one adjudged to be a juvenile delinquent by the juvenile court of a county may obtain review of his case by *certiorari* in the circuit court of that county. (*Post, p.* 428.)

Code cited and construed: Secs. 6063, 6072 (T.-S.).

---

FROM PUTNAM.

---

Appeal from the Circuit Court of Putnam County J. M. GARDENHIRE, Judge.

E. D. WHITE, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is an appeal in the nature of a writ of error from proceedings had in the juvenile court of Overton county, wherein Verbal Bockman was adjudged to be a delinquent child. He made a motion for a new trial and the same being overruled, he prosecuted an appeal in the nature of a writ or error directly to this court.

The proceedings against Bockman were had under chapter 58 of the Acts of 1911, providing for juvenile courts and outlining their jurisdiction, etc. This act has heretofore been held constitutional in *Childress* v. *State*, 133 Tenn., 121, 179 S. W., 643.

A re-examination of the statute discloses that no provision is therein made for an appeal from the judgments of the juvenile courts thereby created. This being so, we are without jurisdiction of the controversy in its present *status.*

The remedy by appeal was unknown to the common law and is altogether of constitutional or statutory origin. If no right of appeal is given by statute in express words or by necessary implication, no appeal will lie. *Wade* v. *Murry*, 34 Tenn. (2 Sneed), 50; *Ex parte Knight*, 71 Tenn. (3 Lea), 401; *Tomlin-*

*son* v. *Board of Equalization,* 88 Tenn., 1, 12 S. W., 414, 6 L. R. A., 207; *Chattanooga* v. *Keith,* 115 Tenn., 588, 94 S. W., 62, 5 Ann. Cas., 859.

The authority of these cases, in so far as they relate to proceedings by appeal, writ of error, or appeal in the nature of writ of error, is in no wise weakened by *Staples* v. *Brown,* 113 Tenn., 641, 85 S. W., 254.

*Staples* v. *Brown* reviews all of the earlier cases and holds that the circuit court has a general appellate and revisory jurisdiction over all inferior tribunals created by the legislature and vested with judicial powers. This jurisdiction of the circuit court may be invoked by *certiorari* and *supersedeas* where no appeal or writ of error lies for the correction of the judgments of such inferior tribunals. Such jurisdiction may be exercised not only when the inferior tribunals have exceeded their powers or are acting irregularly, but for errors of fact and law committed by them, to the end that the case may be tried again upon its merits.

It has been urged that the juvenile court is not a tribunal inferior to the circuit court and that the proceedings of the juvenile court must be reviewed in this court or in the court of civil appeals on *certiorari.* A brief has been filed with the court in which the importance of the juvenile court is stressed, and it is contended that its work should be supervised only by the appellant courts of the State.

Without in any way disparaging the work of the juvenile court or detracting from its dignity, we are forced to the conclusion that in the sense of our statutes it is a court or tribunal inferior to the circuit court. The jurisdiction of the juvenile court is limited, while on the contrary the jurisdiction of the circuit court is general, and wider than that of any other court known to our judicial system.

The circuit court has been held a superior court to various tribunals of the highest dignity and importance and the action of such tribunals has been held to be reviewable on *certiorari* by the circuit court.

In *Durham* v. *United States,* 4 Hayw., 54, the proceedings of a court-martial were reviewed in the circuit court.

In *Bob* v. *State,* 10 Tenn. (2 Yerg.), 173, the proceedings of a special court, composed of three justices and a jury, created for the purpose of trying slaves charged with crime, was reviewed in the circuit court.

In *Hawkins* v. *Kercheval,* 78 Tenn. (10 Lea), 540, action of the police commissioners of Nashville was reviewed in the circuit court.

In *Hayden* v. *Memphis,* 100 Tenn., 583, 47 S. W., 182, the circuit court reviewed proceedings of the city council of Memphis.

Illustrations might be multiplied. In fact, it is a matter of frequent occurrence for the circuit court to review by *certiorari* the proceedings of all com-

missions and tribunals created by the State exercising judicial functions, regardless of the gravity and importance of the matters intrusted to the jurisdiction of such commissions or tribunals. See instances mentioned in *Staples* v. *Brown,* supra.

Neither this court nor the court of civil appeals can have immediate supervision of the action of the juvenile courts.

The statute defining the jurisdiction of this court is as follows:

"The court has no original jurisdiction; but appeals and writs of error or other proceedings for the correction of errors lie from the inferior courts of law and equity within each division to the supreme court held for that division." Thompson's Shannon's Code, section 6329.

The juvenile court is not a court of law nor a court of equity, and it is from such courts alone that proceedings for the correction of errors can be taken directly to the supreme court in the absence of special statutory authority.

The jurisdiction of the court of civil appeals is appellate only and extends to all cases brought up from "courts of equity or chancery courts," with certain exceptions, "and to all civil cases tried in the circuit and common-law courts of the State." Thompson's Shannon's Code, section 6321a.

The juvenile court is manifestly not a court of equity or chancery court, nor is it a circuit or common-law court, and it accordingly follows that the court of

civil appeals can have no immediate supervision of its proceedings.

The Code provides that jurisdiction of all matters not otherwise provided for is intrusted to the circuit court. Thompson's Shannon's Code, sections 6063, 6072. Such being the law, this appeal in error must be dismissed.

Bockman may obtain a review of his case by *certiorari* in the circuit court of Overton county.

The report of the case of *Childress* v. *State,* supra, does not indicate whether or not it came directly to this court. If it was a direct appeal in error, we inadvertently took jurisdiction—the question of jurisdiction not being raised.

Counsel for Bockman was doubtless misled by the apparent assumption of jurisdiction on the part of this court in *Childress* v. *State,* and so undertook to bring the case here. Having been so misled, the circuit judge will no doubt excuse the delay thereby occasioned in presenting a petition for *certiorari* in Bockman's Case.