CHESTER R. JONES *v.* STATE *ex rel.* JUVENILE COURT.

(*Jackson.* April Term, 1918.)

**HABEAS CORPUS. Juvenile court. Certiorari. Proceedings as to custody of child.**

Statutory *certiorari* from the circuit court lies to review the action of the juvenile court in proceedings involving the custody of a child, and statutory *certiorari* will issue, that the case may be tried again upon its merits in the circuit court, and not the common-law writ of *certiorari*, which opens for review merely the legality of the action of the inferior tribunal.

Cases cited and approved: Childress v. State, 133 Tenn., 121; State of Tennessee ex rel. v. Bochman, 139 Tenn., 422; Staples v. Brown, 113 Tenn., 641; Conners v. City of Knoxville, 136 Tenn., 428.

---

FROM SHELBY.

---

Appeal from the Circuit of Shelby County.—BEN L. CAPELL, Judge.

L. H. GRAVES, for appellant.

JULIAN G. STRAUSS, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

In this case a petition for *certiorari* was filed in the circuit court of Shelby county to review certain

proceedings in the juvenile court involving the custody of the child, Chester R. Jones, Jr.

The trial judge was misled by the case of *Childress v. State,* 133 Tenn., 121, 179 S. W., 643, and thought that a judgment of the juvenile court was not reviewable in his court on petition for *certiorari,* but that this court had immediate appellate supervision of proceedings in the juvenile court. He accordingly dismissed the petition for *certiorari.*

We have explained in *State of Tennessee ex rel. v. Verbal Bockman,* 139 Tenn, 422, 201 S. W., 741, opinion just filed, that we inadvertently took jurisdiction in *Childress* v. *State,* supra, and that *certiorari* from the circuit court does lie to review the action of the juvenile court. It is statutory *certiorari* which will issue in this case, to the end that the case may be tried again upon its merits in the circuit court (*Staples* v. *Brown,* 113 Tenn., 641, 85 S. W., 254), and not the common-law writ of *certiorari,* which opens for review merely the legality of the action of the inferior tribunal (*Conners* v. *City* c *Knoxville,* 136 Tenn., 428, 189 S. W., 870).

The judgment of the court of civil appeals will accordingly be modified, and this case will be remanded to the circuit court of Shelby county, with directions that the writ of *certiorari* issue to bring up from the juvenile court proceedings herein and have a review of the case in the circuit court.