JUVENILE COURT OF SHELBY COUNTY *et al. v.* STATE
*ex rel.* HUMPHREY.

(*Jackson.* April Term, 1918.)

1. **HABEAS CORPUS. Custody of child, Juvenile court judgment. Res adjudicata.**

Where the juvenile court entered a judgment that a child was delinquent, questions determined in such proceeding cannot be again reviewed in *habeas corpus* by the mother of the child, assuming that the proceedings of the juvenile court were valid, since the question of the child's custody was *res adjudicata.* (*Post, pp.* 552-554.)

Acts cited and construed: Acts 1911, ch. 58, sec. 10.

Case cited and approved: State of Tennessee ex rel. Chester R. Jones v. Mrs. B. G. West, 139 Tenn. —.

2. **INFANTS. Juvenile court proceedings. Necessity of notice.**

In a proceeding under Pub. Acts 1911, chapter 58, section 10, on arrest of an infant for homicide, the juvenile court proceedings were not void, for failure to give mother of the boy notice where she was present at the hearing and was examined as a witness, since she thereby entered her appearance and waived the statutory requirement of notice. (*Post, p.* 554.)

3. **INFANTS. Juvenile courts. Orders. Requisite. Sufficiency.**

The juvenile court is a court of special and limited jurisdiction, and its judgments or decrees should show the facts upon which its jurisdiction rests, such as the age of the child, the nature of the proceedings, the service of notice, and the statutory circumstances of delinquency. (*Post, pp.* 554, 555.)

4. **INFANTS. Criminal responsibility. Presumptions.**

The presumption of incapacity of a child to commit a crime is conclusive when the child is under the age of seven years; and, if between seven and fourteen, the burden is on the State

to show that the child is capable of appreciating the nature of his acts. (*Post, pp.* 555, 556.)

Case cited and approved: State v. Davis, 104 Tenn., 501.

5. **INFANTS. Juvenile court. Purpose of proceedings.**

Proceedings in the juvenile court are not criminal in their nature, and are not instituted to punish the child, but to provide for his welfare. (*Post, p.* 556.)

Case cited and approved: Childress v. State, 133 Tenn., 121.

6. **INFANTS. Presumptions. Criminal responsibility.**

In a proceeding in the juvenile court for delinquency of a child alleged to have killed his playmate, the age of the child is immaterial; the procedure not being criminal. (*Post, pp.* 556, 557.)

7. **INFANTS. Juvenile court. Jurisdiction.**

Under Pub. Acts 1911, chapter 58, requiring that if a child brought before the juvenile court is probably guilty of murder in either degree, he shall be turned over to the county authorities to be proceeded against according to criminal law, the juvenile court has no jurisdiction of an infant alleged to have committed homicide if the judge thinks he is probably guilty. (*Post, pp.* 557, 558.)

---

**FROM SHELBY.**

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— D. B. PURYEAR, Judge.

JULIAN G. STRAUSS, for plaintiffs.

L. H. GRAVES, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

Harry Humphrey, a child seven years of age, was adjudged by the Juvenile court at Memphis to be delinquent within the meaning of chapter 58 of the Acts of 1911, and was held in the custody of that court. The court had not finally determined on a proper disposition of the child.

Under these circumstances Mrs. P. W. Humphrey, mother of the child, filed a petition for *habeas corpus* in one of the criminal courts of Shelby county, and after a hearing there, the custody of the child was awarded to her. From this judgment of the criminal court the authorities of the juvenile court appealed to the court of civil appeals, where the judgment was affirmed, and the officers of the juvenile court have brought the case to this court by petition for *certiorari*.

It seems that the boy, Harry Humphrey, killed his playmate, a child about nine years of age, with a shotgun. The Humphrey boy was arrested by the police officers of the city of Memphis, but a little later was turned over to the juvenile court, and there was a hearing of the matter in the latter court at which Mrs. Humphrey, mother of the child, was present. There appears to have been some controversy as to whether the killing was accidental or designed. The judge of the juvenile court testified in the *habeas corpus* proceedings that he came to the conclusion from the evidence that a crime

had been committed, and he accordingly adjudged the Humphrey boy to be delinquent according to the provisions of the statute.

Upon the *habeas corpus* hearing the proceedings below were attacked as void in several particulars, and in addition to this the merits of the matter were gone into by the criminal judge.

We have just held in the case of *State of Tennessee ex rel. Chester R. Jones v. Mrs. B. G. West, Superintendent, et al.,* 139 Tenn., 522, 201 S. W., 743, that the judgment of the juvenile court upon matters like these is conclusive upon the parties on the same state of facts. Assuming the validity of the juvenile court proceedings, the question of the child's custody was *res adjudicata.*

It appears that the proceedings in the juvenile court were had without any formal notice to Mrs. P. W. Humphrey, the mother. The criminal judge was of opinion that such notice was essential to a valid judgment in the juvenile court.

Section 10 of chapter 58 of the Acts of 1911 provides that when a child under sixteen years of age is arrested by police officers and taken before any criminal court, justice of the peace, or police magistrate, that such child shall be forthwith turned over to the officers of the juvenile court, and the case there heard "in the same manner as if the child had been brought before the court upon petition as herein provided. In any case the court shall require notice to be given and investigation to be

made as in other cases under this act, and may adjourn the hearing from time to time for this purpose.''

Previous sections of the act provide for the filing of a petition in the juvenile court by any reputable person being a resident of the county, who may have knowledge of a child that appears to be either dependent or delinquent. The petition is required to be sworn to, and upon the filing of the same it is enacted that a summons shall issue requiring the custodian of the child to bring it before the court. The parents of the child, if living and their residence known, or its legal guardian, if one there be, or if there is neither parent nor guardian, or if his or her residence is unknown, then some relative, if there be one, and his residence is known, ''shall be notified of the proceedings, and in any case the judge or chairman may appoint some suitable person to act in behalf of the child.'' This petition should set out the facts believed to constitute the delinquency or dependency of the child, and the notice should issue to the parent, guardian, or relative as provided. If the parent or relative or guardian has actual custody of the child at the time the petition is filed, no notice other than the summons is required to be served upon him. If, however, another has custody of the child, summons should be issued to such custodian and notice likewise served on the parent, guardian, or relative.

Where a child is arrested by the police authorities, it seems that it is not necessary that any petition be filed in the matter, but a notice must be served upon the parents, guardian, or relative.

We are not inclined to hold the juvenile court proceedings void on account of the failure to give the mother of the boy notice. It appears that she was present at the hearing and was examined as a witness. It seems, furthermore, that she consulted with the officers of the juvenile court and with the judge thereof about the proper disposition of her boy, and we are of opinion that she entered her appearance and waived the statutory requirement as to notice.

The criminal judge further thought that the order adjudging the child a delinquent was so meager in its recitals and contents as to be a nullity.

This order is in the following words:

"Court proceeding July 18, 1916.

"Hon. R. H. Stickley, Judge.

"732.—In the matter of delinquency of one Harry Humphrey, a minor child of the age of seven years, and it appearing to the court that said Harry Humphrey is a delinquent.

"It is therefore ordered, adjudged and decreed by the court that said Harry Humphrey be held in custody until further orders of the court.

"W. Eifler, Clerk of Juvenile Court."

We do not find it necessary to pass directly on the question of the validity of this order. It certainly

is quite informal.  The juvenile court is a court of special and limited jurisdiction, and its judgments or decrees should show the facts upon which its jurisdiction rests.   That it to say, such orders should show the age of the child, as this one does, and, furthermore, should show the nature of the proceedings as that a petition was filed, or that the child was arrested and turned over to the court. The order should likewise show that notice was served upon the parent, guardian, or relative, and should set out the facts found by the court constituting the delinquency or dependency of the · child involved; that is, if the child is adjudged dependent, it should appear that the court found that he was destitute or homeless or begging, or such other statutory circumstances of dependency as the evidence showed.  If the child is adjudged delinquent, the statutory circumstances of delinquency should likewise appear in the order as that there had been a violation of the law of the State, city, or town (stating the particular law violated), or that the child was incorrigible or otherwise within the meaning of delinquency as defined in the statute.

Great powers are lodged in the juvenile court in its particular field, and proceedings there should be conducted according to the mandates of the statute.   Unless there is a substantial compliance with the statutory requirements in these cases, the orders of the juvenile court will be reversed upon a review of the case by *certiorari* in the circuit court.

The criminal judge was furthermore of opinion that the proceedings in the juvenile court were void because of the presumption of the law as to the incapacity of children of tender years to commit crime. This presumption is conclusive in favor of a child under the age of seven years and between seven and fourteen, the burden is upon the State to show that the child is capable of appreciating the nature of his acts. *State* v. *Davis*, 104 Tenn., 501, 58 S. W., 122.

As we have noted in *Childress* v. *State*, 133 Tenn., 121, 179 S. W., 643, proceedings in the juvenile court are not criminal in their nature, and not instituted to punish the child for any offense. The purpose and end of such proceedings is to provide for the welfare of the child, and to remove him from unpropitious surroundings.

The child is not found guilty of delinquency as though guilty of a crime. A finding of delinquency usually demonstrates the necessity for making a change in the custody of the child. The parent or former custodian may be a worthy person, but the child's delinquency indicates that it is not being properly reared—perhaps cannot be readily controlled. Under such circumstances the child's best interests demand that he be subjected to wiser or stronger authority.

So that the age of the child is not material in investigations had before the juvenile court, provided,

of course, such child is under sixteen years of age, which is the limit of the jurisdiction of that court.

We are of opinion, however, that the criminal judge properly sustained the *habeas corpus* proceedings and removed the Humphrey child from the custody of the juvenile court. We think that court, under the terms of the statute, had no jurisdiction of the matter.

While the order of the juvenile court does not show the fact, the judge of that court testified in these proceedings. He said that from his investigation he thought that a crime had been committed by the Humphrey boy. The only crime that it is suggested could have been committed was that of murder in the first or second degree.

Chapter 58 of the Acts of 1911 expressly provides that when a judge of a juvenile court shall conclude that a child brought before him is probably guilty of murder in the first degree, murder in the second degree, or of rape, that the juvenile court shall at once turn said child over to the authorities of the county to be proceeded against according to the course of the criminal law. In other words, a juvenile court has no jurisdiction when the judge of that court is of opinion that the child brought before him is probably guilty of one of the crimes mentioned.

Such being the facts in this case, the juvenile court was without jurisdiction to make any order

respecting the custody of Harry Humphrey, and the judgment of the criminal court on the petition for *habeas corpus* was correct, and the judgment of the court of civil appeals affirming the judgment below must be affirmed here.