State ex rel. v. Brown.

STATE *ex rel.* MOONINGHAM *v.* BARTON BROWN, Judge, *et al.*

(*Nashville.* December Term, 1923.)

COURTS. Supreme court without jurisdiction of appeal from circuit court involving commitment of minor.

The supreme court is without jurisdiction of an appeal from the circuit court involving the commitment of a minor to the training school for delinquency, such proceedings not being criminal, and not being one of the cases enumerated in Shannon's Code, section 6321, designating the jurisdiction of the supreme court, and such case will be transferred to the court of civil appeals.

Cases cited and approved: Juvenile Court of Shelby County v. State, ex rel., 139 Tenn., 549; Childress v. State, 133 Tenn., 121.

Code cited and construed: Sec. 6321 (S.).

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— HON. A. G. RUTHERFORD, Judge.

W. H. ARNOLD, for appellant.

LEWIS S. POPE and W. H. SWIGGART, for appellees.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Paul Mooningham, a minor under sixteen years of age, was adjudged a delinquent and committed to the Tennessee Training and Agricultural School for Boys by the juvenile court of Davidson county.

His mother filed a petition for *certiorari* and *supersedeas* in the circuit court of Davidson county, by which she sought to have the judgment of the juvenile court reversed and her son discharged.

The circuit judge heard the evidence and dismissed her petition. The case has been appealed to this court.

We are without jurisdiction in the matter, and the appeal should have been taken to the court of civil appeals.

By referring to section 6321 of Shannon's Code, and the cases cited thereunder, it will be noted that this court has jurisdiction in cases appealed from the circuit court in only four instances, to-wit:

(1) Where the constitutionality of a statute is involved.

(2) Election contests.

(3) Suits involving State revenue.

(4) Ejectment suits.

None of these questions are involved in this case.

Neither is the procedure in such cases criminal. *Juvenile Court of Shelby County* v. *State ex rel.*, 139 Tenn., 549, 201 S. W., 771, Ann. Cas., 1918D, 752; *Childress* v. *State,* 133 Tenn., 121, 179 S. W., 643.

It follows that an order transferring the case to the court of civil appeals will be entered.