DOSTER *v.* STATE.

(*Jackson,* April Term, 1953.)

Opinion filed July 17, 1953.

J. W. RANKIN, of Martin, for petitioner.

R. E. L. GALLIMORE, of Martin, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Doster, a fourteen year old boy, was adjudged by the Juvenile Court of Weakley County to be a delinquent child within the meaning of Code Section 10271. It was ordered that he be committed to the Industrial School.

The statute codified at Section 10269 et seq., creates a Juvenile Court for each county and defines the

jurisdiction of such Court. It is a Court which under our law is inferior to the Circuit Court. *State* v. *Bockman*, 139 Tenn. 422, 426, 201 S. W. 741.

By Code Section 10327 the Circuit Court is given "appellate jurisdiction" of all suits instituted "before any inferior jurisdiction". Hence, it is the Circuit Court of Weakley County which reviews the judgments of the Juvenile Court of that County.

The statute creating these Juvenile Courts, Code Section 10269 et seq., does not provide for an appeal. Hence, the means of procuring a review by the Circuit Court of the judgment of the Juvenile Court is by the statutory writ of certiorari, Code Section 8990. *State* v. *Bockman*, supra.

Doster was dissatisfied with the judgment of the juvenile Court of Weakley County adjudging him to be a delinquent, etc. He, therefore, presented to the Circuit Court of Weakley County the aforesaid statutory writ of certiorari for the purpose of procuring a review by that Court of the judgment of the Juvenile Court.

It was Doster's insistence in the Circuit Court that he was entitled in that Court to a trial de novo; that is, a trial by a jury in the same manner as if the proceedings had been commenced in the Circuit Court. The Circuit Court rejected that insistence, and held that in a review by it of a judgment of the Juvenile Court, it could look only to the record, including the evidence, made in the Juvenile Court. After so considering the case, the Circuit Court dismissed Doster's petition for certiorari.

Doster carried his aforesaid insistence to the Court of Appeals where the judgment of the Circuit Court was affirmed. By his petition for certiorari to the Court of Appeals, Doster has brought the question stated into this

Court. The writ was granted and oral argument on the question has been had.

The opinion delivered by the Court of Appeals is thorough and convincing. However, after much consideration of this perplexing question involving, as it does, the law applicable to certiorari proceedings, we have concluded that the question made by the appeal has been determined by the opinions of this Court contrary to the conclusion reached by the Court of Appeals and the trial court.

In *Jones* v. *State ex rel.,* 139 Tenn. 547, 548, 201 S. W. 760, this Court held as follows:

> "We have explained in *State* v. *Bockman* [139 Tenn. 422], 201 S. W. 741, opinion just filed, that we inadvertently took jurisdiction in *Childress* v. *State,* supra [133 Tenn. 121, 179 S. W. 643] and that certiorari from the circuit court does lie to review the action of the juvenile court. It is statutory certiorari which will issue in this case, *to the end that the case may be tried again upon its merits in the circuit court".* (Emphasis supplied.)

■■ Any doubt as to what the Court meant in *Jones* v. *State ex rel.,* supra, by the expression "tried again upon its merits in the circuit court" has been cleared by its opinion in *In re Scalf's Adoption,* 176 Tenn. 581, 586-587, 144 S. W. (2d) 772, 774, wherein the Court held:

> "However, as we have said, no provision in the Act of 1925 indicates an intent that appeals *in an ordinary juvenile court case,* like the one before us, should be taken to the Court of Appeals rather than to the circuit court. Such cases involving the custody of delinquent and dependent children are quite generally informally heard, the parties not being represented by counsel. To require the preservation of a bill of exceptions, motion for a new trial, and other

steps necessary in the removal of a case from a court of law to the Court of Appeals, would deprive the provision for appeal contained in these statutes of most of its usefulness. Parties involved, without professional advice, would be utterly incapable of perfecting such an appeal. The appeal contemplated by the Act of 1913 and the amendment thereto was *an appeal similar to that taken from a magistrate's court to the circuit court, with the hearing de novo in the circuit court."* (Emphasis supplied.)

On appeal from the magistrate's court either party is entitled to a jury trial in the Circuit Court. Code Sections 8734, 9023. The expression "hearing 'de novo' in the Circuit Court" means "as though the suit originated in the Circuit Court". *Odle* v. *McCormack,* 185 Tenn. 439, 445, 206 S. W. (2d) 416, 418.

*Jones* v. *State,* supra, was decided in 1918. *In re Scalf's Adoption,* supra, was decided in 1940. Those cases judicially construed the procedure intended to be followed on appeal to the Circuit Court of cases coming within the Juvenile Court statute. "A settled judicial construction put upon a statute has almost the same authority as the statute itself." *Hayes* v. *Kelly,* 111 Tenn. 294, 299-300, 76 S. W. 891, 893.

Under the authority of those cases we must hold that on review in the Circuit Court of a judgment of the Juvenile Court created by Code Secs. 10269 et seq. the parties are entitled to a trial by a jury, if desired, and introduce upon such trial such competent evidence as may be desired. The procedure seems to be in keeping with that approved by this Court as far back as *Bob* v. *State,* 10 Tenn. 173.

It is logically said in the opinion of the Court of Appeals that the above stated proceedings in these Juvenile

Court cases would bring about the anomalous result of granting to either party desiring it two jury trials rather than one, since either party is entitled in these Juvenile Court proceedings to a trial by a jury in the Juvenile Court, Code Section 10275. This does seem to be an anomaly, but it is not without precedent or legislative approval, as illustrated by the fact that Code Section 9033 provides that on appeal ''all jury cases in the county court shall be tried de novo in the circuit court''.

For the reasons stated, the judgment of the Court of Appeals and of the Circuit Court will be reversed and the cause remanded to the Circuit Court for a trial in accordance with this opinion. The costs of the appeal will be taxed against the appellee.