STATE ex rel. CLEY JACKSON

*v.*

LYNN BOMAR, Warden, Tennessee State Penitentiary.

383 S.W.2d 41.

(*Nashville,* December Term, 1963.)

Opinion filed October 9, 1964.

ROLLIE L. WOODALL, Nashville, for Cley Jackson.

GEORGE F. MCCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for Lynn Bomar, Warden.

Mr. Special Justice Robert S. Clement delivered the opinion of the Court.

This is a habeas corpus case in which the Petitioner, now confined in the State Penitentiary, has appealed from the judgment of the trial court dismissing his petition for habeas corpus after a full and complete hearing in that court.

The record discloses that on November 24, 1959, Petitioner was convicted in the Criminal Court of Shelby County on two charges; one, assault to commit murder in the first degree resulting in a five-year sentence in the penitentiary; and two, the charge of rape wherein his punishment was fixed at life in the penitentiary.

The record reveals that Petitioner was seventeen years of age at the time he was arrested on the foregoing charges and carried before the Juvenile Judge in Shelby County, the Judge appointing the mother of Petitioner as Guardian ad litem while the Court proceeded to ascertain if the nature of the charges were within the jurisdiction of the Juvenile Court, or whether the Defendant should be remanded to the Sheriff to be dealt with in the Criminal Court as provided by law. The Court found that "there was probable cause to believe that said minor has been guilty of the crime of rape; that said minor is over sixteen years of age; that said minor is alleged to have committed an act, assault to murder in the first degree,

and there is probable cause to believe that said minor has committed said act, which would have been a felony if committed by an adult; that said minor is not insane or feeble minded; that said minor is not reasonably susceptible to corrective treatment in any available institution or facility within the State designed for the treatment and care of children; and that these causes should be dismissed and this Court should assume no further jurisdiction thereof, and that said minor should be at once remanded to the Sheriff of Shelby County to be dealt with for his alleged offenses as provided in the criminal laws of Tennessee.'' (Tr. pages 40-41).

The record further discloses that no November 24, 1959, when arraigned in the Criminal Court of Shelby County in person and by his counsel of record, Petitioner entered pleas of guilty to the aforesaid charges.

Upon the filing of the habeas corpus proceeding in the Criminal Court of Davidson County on September 17, 1963, counsel was appointed for Petitioner and he was ably represented in the lower court and is now being ably represented in this Court.

Counsel for Petitioner assigns as error:

(1) That the judgment of the Trial Judge was erroneous,

(2) That the conviction of the Petitioner was void because he was not granted or offered the aid of legal counsel at a critical stage in the criminal proceeding against him, the same being the hearing around October 5, 1959, before the Honorable Sylvanius Polk, Judge of the Juvenile Court of Shelby County,

(3) That the conviction of Petitioner on the charge, of assault to murder in the first degree against one Jessie Lee Ware, Jr. is void because the Criminal Court of Shelby County which convicted and sentenced the Petitioner lacked jurisdiction of the then Defendant, he being a minor under eighteen years of age, it being shown on the face of the record that the Juvenile Court had not found that Petitioner was alleged to have committed an act which would have been a felony if committed by an adult against Jessie Lee Ware, Jr., which finding was absolutely necessary as a condition precedent to the Shelby County Criminal Court's jurisdiction.

It is true that the allegation contained in the third assignment of error is not shown on the face of the record. However, as Petitioner received a five-year sentence on this charge and has now served same in full with the exception of about two months, we do not think it necessary to pass upon this assignment.

In the second assignment of error the Petitioner claims that his conviction is void because he was not granted or offered the aid of legal counsel when he appeared before the Judge of the Juvenile Court of Shelby County on or about October 5, 1959, and that this hearing constituted a critical stage in the criminal proceedings against him.

In support of this assignment Petitioner relies upon the case of *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, (1961), in which it was shown by Hamilton that he had been denied counsel at the time of his arraignment. The Supreme Court of Alabama held that the prisoner had failed to show a prejudice in any way by the absence of counsel at that time.

The Supreme Court of the United States reversed the case and remanded it for a new trial and said that whatever may be the function and importance of arraignment in other jurisdictions, we hold in Alabama it is a critical stage in a criminal proceeding. This was a capital case and the Court said further:

"When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted. * * * In this case, as in those, the degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." 368 U.S. at 55, 82 S.Ct. at 159, 7 L.Ed.2d at 117.

To the same effect, that is the requirement of counsel, is *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963).

■ The Petitioner is correct in his interpretation of the holdings of these cases, but they have no application here for the reason that the proceeding before the Juvenile Judge was not a criminal proceeding.

In the case of *Juvenile Court of Shelby County v. State, ex rel.*, 139 Tenn. 549, 201 S.W. 771 (1918), it was held that proceedings in the Juvenile Court are not criminal in nature and not instituted to punish the child for any offense. The purpose and end of such proceedings is to provide for the welfare of the child, and to remove him from unpropitious surroundings.

In the case of *Childress v. State*, 133 Tenn. 121, 179 S.W. 643 (1915), the Court held that proceedings before a Juvenile Judge do not amount to trial for any criminal offense and constitutional provisions do not apply to Juvenile Court proceedings. To the same general effect is

*Cinque v. Boyd,* 99 Conn. 70, 121 A. 678 (1923), 10 Vanderbilt L.Rev. 592, 4 Ariz.Law Rev. 1, 9.

In the case of *Swann v. District of Columbia,* Mun.Ct. App.Dist.Col., 152 A.2d 200 (1959), it was held that the failure of the Juvenile Court in a 1955 proceeding to advise the juvenile defendant that he had a right to be represented by counsel did not constitute denial of due process. Petitioner, through able counsel, insists that this decision has been overruled by *Hamilton v. Alabama,* supra. With this conclusion we cannot agree for the simple reason, as heretofore said, a proceeding in a Juvenile Court is not a *criminal proceeding.*

On the general subject of Juvenile Courts, found in 31 Am.Jur., Section 54, it is said:

"Where the proceeding is not regarded as criminal in nature, the strict rules of criminal procedure are inapplicable to proceedings for the commitment of a child as delinquent. In fact, no right to or necessity for the procedural safeguards prescribed by Constitution and statutes in criminal cases exists in juvenile delinquency proceedings. To hold that the state must go through all the preliminaries and processes usual in the trial of criminal cases before it can give to the minor who is bereft of his parent or guardian the needed and necessary protection and care would render the act nugatory and deprive it of the greater part of its benevolent purposes. Thus, a latitude of procedure not known or permitted in courts trying criminal cases is enjoyed by a juvenile court."

█ Also, at Section 5 it is said that it is not the purpose of a statute creating Juvenile Courts to provide additional courts for the punishment of crimes. The purpose

is to establish special tribunals having jurisdiction, within prescribed limits, of cases relating to the moral, physical and mental well-being of children to the end that they may be directed away from paths of crime. Thus, a juvenile court specially created by a statute providing for the disposition to be made of delinquent children is not a criminal court.

The extent of the jurisdiction of the juvenile courts of this State is set out in T.C.A. 37-201 et seq., as amended and as set out above such courts are not criminal courts and proceedings before them are not *criminal proceedings*.

The trial judge held that none of the constitutional rights of the Petitioner had been violated and that the record clearly shows that the conviction rendered against the Petitioner in the Criminal Court of Shelby County was without error or defect on its face and that the Petitioner is seeking to make a collateral attack against such conviction and judgment contrary to the laws of this State as set out in the case of *State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 364 S.W.2d 887, (1963).

On the record before us and under the law cited herein, we concur in the finding of the trial judge that none of the constitutional rights of the Petitioner have been violated.

It, therefore, results that the assignments of error are overruled and the judgment of the Trial Court is affirmed.