STATE OF TENNESSEE, Plaintiff-in-Error,

*v.*

PAUL JONES, Defendant-in-Error.

418 S.W.2d 769.

(*Knoxville,* September Term, 1965.)

Opinion filed March 14, 1966.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for the State. J. H. McCARTT, District Attorney General, Wartburg, prosecuted the case in the trial court for plaintiff in error.

LADD & QUALLS, Harriman, for defendant in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Paul Jones, hereinafter referred to as the defendant, was indicted by the grand jury of Morgan County for burglary. The indictment was returned at the March term of the Criminal Court for Morgan County in 1965. The indictment charged the defendant had committed the crime on December 12, 1963.

A plea in abatement was filed on behalf of the defendant, which challenged the jurisdiction of the Criminal Court of Morgan County on the ground the defendant was seventeen years of age as of the alleged date the offense had occurred. The State filed a replication to the

plea in abatement in which it was averred the indictment was returned on March 22, 1965, and as of that date the defendant was more than eighteen years of age; and that the Juvenile Court of Morgan County had not taken jurisdiction prior to the return of the indictment.

The trial judge heard the plea without the intervention of a jury. It was stipulated the defendant was born on March 8, 1946.

The trial judge sustained the plea in abatement on the ground the jurisdiction of the Juvenile Court of Morgan County attached at the time the offense was alleged to have occurred; and that the age of the defendant did not of itself affect the jurisdiction of that Court. Accordingly, an order was entered remanding the matter to the Juvenile Court.

The State has appealed.

The question for determination is whether the jurisdiction of a Juvenile Court is to be determined by the age of a child at the time of the commission of an alleged delinquency or by his age at the time proceedings were instituted against him.

The question is one of first impression in this State. The question, however, has been decided in a number of other jurisdictions.

The courts in some states have held the determination of whether such a defendant should be proceeded against in the Juvenile Court, or Criminal Court, depends upon his age at the time of the commission of the offense; others have held the jurisdiction should depend upon his age at the time proceedings were instituted, or at the time of the trial; and others have held it should be a

matter of discretion with the trial court to make a determination. See Annotations in 123 A.L.R., 446; 48 A.L.R.2d 695; 125 A.L.R. 451; and 89 A.L.R.2d 509.

On behalf of the State it is urged in such cases this Court should adopt the rule that the jurisdiction as between the Juvenile Court and Criminal Court should be left to the sound discretion of the trial court (Criminal Court). It is contended unless the matter is left to the discretion of the trial court ridiculous results cannot be avoided and cite as an example a defendant who may have committed an offense while a child and no proceedings instituted against him until several years after he has reached his majority.

The intent and purpose of statutes of the type under consideration is that children should not be tried for criminal offenses, but to the contrary that the State should undertake to remedy the delinquency of children, to reform and educate them; and, above all, to separate them from corrupting influences of criminals. *Childress v. State,* 133 Tenn. 121, 179 S.W. 643 (1915); *Juvenile Court of Shelby County v. State ex rel.,* 139 Tenn. 549, 201 S.W. 771 (1918); *State ex rel. Jackson v. Bomar,* 215 Tenn. 9, 383 S.W.2d 41 (1964).

Section 37-243 of Chapter 2 of Title 37 T.C.A., provides:

"The juvenile courts shall have original, exclusive jurisdiction of:

"(1) All cases to adjudicate a child dependent and neglected, delinquent and/or abandoned as defined in sec. 37-242, subsections (4) through (6) and to enter all proper orders and decrees, except that this does

not deprive circuit and chancery courts of the right to adjudicate an abandonment, where abandonment has been alleged in a petition to adopt as is provided in chapter 1 of title 36.''

Subsections (1) and (5) of T.C.A. Section 37-242 provide respectively:

''(1) 'Child' means a person less than eighteen (18) years of age, and no exception shall be made for a child who may be emancipated by marriage or otherwise.

*    *    *    *    *    *

''(5) 'Delinquent child' means a child (a) who violates any state law or ordinance of a municipality of the state.''

Hence, it is clear the Juvenile Court of Morgan County had original and exclusive jurisdiction of the defendant as of the date of the commission of the alleged delinquency. If, in fact, the defendant violated the law of this State as alleged when under the age of eighteen, the defendant became a delinquent child and subject to commitment by the Juvenile Court of Morgan County.

We do not think the mere fact proceedings were not instituted against him until after his eighteenth birthday deprived the Juvenile Court of its original jurisdiction, nor do we think this fact enlarged his act of delinquency into a criminal offense. We say this, because, after a hearing and investigation in the Juvenile Court under authority of T.C.A. Section 37-264, that Court may order a child held for prosecution and sentencing as an adult in a criminal court if the child is sixteen years of age or over and has committed a felony, ''and a finding is made by the Juvenile Court that the child is not feeble-

minded or insane, is not reasonably susceptible to the corrective treatment in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires a child to continue under restraint for a period exceeding beyond his twenty-first birthday * * *.''

▉ Moreover, T.C.A. Section 37-263 provides that when a juvenile court has acquired jurisdiction over a delinquent child, such jurisdiction shall continue for the purposes of the juvenile delinquency law until the child shall have attained its majority.

Again, T.C.A. Section 37-265 provides if upon investigation the Juvenile Court finds there is probable cause to believe a child has been guilty of the crime of rape or murder, the Court shall remand the child to the sheriff of the county to be dealt with as provided by the criminal laws.

In the instant case, should the Juvenile Court, upon a hearing and an investigation, conclude the defendant was incorrigible; that Court could, upon such a finding, remand the matter back to the Criminal Court to be disposed of.

In the event the Juvenile Court, upon a hearing, should conclude the defendant was guilty of the alleged act of delinquency and sentence him to a juvenile institution, he could later be transferred to the penitentiary upon recommendation of the Superintendent and approval of the Commissioner of Corrections; or, in the alternative, his name certified to the Board of Probation and Paroles for a parole. T.C.A. Section 37-265.

We think it would, indeed, be harsh to hold that a child who had committed an act of delinquency and proceedings

against him were delayed until after his eighteenth birthday must be tried in a Criminal Court rather than in a Juvenile Court; the result of which, if convicted, would stamp upon him the stigma of a criminal throughout his life.

From what we have hereinabove said, it is evident to us the intent of the Act creating the Juvenile Court that a person who has been alleged to have committed a felony, other than those excepted, while under the age of eighteen, should be brought before the Juvenile Court in the first instance for a hearing, although he may have passed the age of eighteen at the time of the institution of proceedings against him.

We, therefore, hold the jurisdiction of the Juvenile Court is to be determined by the age of the juvenile as of the date of the commission of an alleged act of delinquency. We do not think such will result in creating ridiculous situations as contended by the State. Such interpretation of the Act safeguards both the interest of the juvenile and the State.

The judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.