**STATE of Tennessee, Plaintiff-Appellee,**

v.

**Edward Ray ORANGE, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

Jan. 2, 1976.

Certiorari Denied by Supreme Court March 22, 1976.

R. A. Ashley, Jr., Atty. Gen., Nashville, J. William Pope, Jr., and William C. Koch, Jr., Asst. Attys. Gen., Nashville, for plaintiff-appellee.

Charles Kilgore, Tracy City, for defendant-appellant.

## OPINION

SHRIVER, Presiding Judge.

This is an appeal by Edward Ray Orange from a decree entered February 3, 1975 by Honorable Paul A. Swafford, Judge of the Circuit Court of Marion County, Tennessee, affirming the action of the Juvenile Court in transferring said cause to the Circuit Court for a hearing and, after an extended hearing and arguments of counsel, a decree was entered directing that the defendant-appellant be transferred to the Criminal Court for trial as an adult, pursuant to T.C.A. § 37–234. From the foregoing decree, defendant has appealed to this Court and has assigned errors.

### Proceedings Below

As is stated in the Reply Brief of counsel for the State, the Honorable E. D. Hughes, Judge of the Juvenile Court of Marion County, on February 1, 1974, following a hearing on January 23, 1974, entered an order pursuant to T.C.A. § 37–234 directing that the appellant be transferred to the Sheriff to be tried as an adult. On February 4, 1974, appellant filed a notice of appeal to the Circuit Court. On July 25, 1974, the appellant filed a plea in abatement seeking to quash the indictment returned against him by the Marion County Grand Jury. On October 23, 1974, following a hearing during which the State agreed that the indictment was void, the Marion County Circuit Court quashed the indictment. Finally, on February 3, 1975, based on the record in the prior proceedings, and following another hearing, the Marion County Circuit Court affirmed the action of the Juvenile Court transferring the appellant to be tried as an adult. The appellant excepted, prayed for, and was granted an appeal to this Court.

Defendant-appellant, Edward Ray Orange, is charged by the State with the crime of First Degree Murder. At the time of the alleged crime, he was more than seventeen years old but had not reached his eighteenth birthday. At the time of his arrest and trial, he was more than eighteen years old.

### Assignments of Error

There are two assignments, as follows:

"1. There was no competent, material, evidence or reasonable grounds to support the judgment of the Court as required by T.C.A. § 37–234[a](4) that appellant committed the delinquent act alleged; that he was not amenable to treatment or rehabilitation; was not committable to an institution for the mentally retarded or ill; and the interest of the community require that the child be placed under legal restraint or discipline.

2. The Court erred in failing to give defendant a fair and impartial trial in violation of his constitutional rights by arbitrarily ruling in favor of the State on the grounds that the State could not appeal his decision and not on law and the evidence as required."

### The Facts

As is revealed by the transcript of the record before the Juvenile Court and the evidence introduced in the Circuit Court after the case was transferred there, Vernon Dixon, who testified in the case, went with Keith Van Hooser to a pool hall in Tracy City at about 1:00 A.M. on August 2, 1973, where they were joined by several other young men. While some of them were playing cards, he heard Randall Van Hooser and defendant's brother, Douglas Orange, talking about going to Mr. William Dodson's store and burglarizing it. After the plans were made, these young men, including the defendant, drove to Van Hooser's trailer where they changed cars, after which the witness Dixon, the defendant, Edward Ray Orange, and his brother,

Douglas Orange, and Randall Van Hooser drove to Dodson's store and all except Van Hooser got out of the car. Van Hooser then drove the car down the road and turned around to come back. According to Dixon's testimony, Douglas Orange kicked down the glass door to Dodson's store, whereupon, the witness and appellant entered and appellant tried unsuccessfully to open the cash register and, finally, he, Dixon, and appellant picked up some bologna, some bread and several cartons of cigarettes and left the store. Douglas Orange, at the time, was outside armed with a sawed-off shotgun. After the witness and appellant had gone outside and were about to cross the road, pistol shots were fired and the witness, Dixon, ran and climbed a bank on the other side of the road and made his way to the home of a relative some distance away.

It developed that Mr. Dodson, the owner of the store, had heard noises downstairs and, while his wife called the Sheriff's office, he came to the upstairs back door with his pistol and, seeing several persons below apparently loading items into their car, he fired six shots before he was hit by a blast from a shotgun and killed.

People living near the scene of the crime remembered seeing the appellant's brother and Dixon walking toward Jasper from the direction of the store between 7:00 and 8:00 A.M. after the incident.

Dixon testified that he saw Edward Ray Orange later on the following day and was told by him that he, Orange, barely escaped and he did not know what happened to his brother. Dixon afterwards saw appellant's brother at the Van Hooser trailer and he, Douglas Orange, was bragging that he had killed the old man at the store and cautioned his listeners to be quiet about it.

Dixon described the appellant and his brother as having scratches on them, apparently from running through brush, and this condition was verified by other testimony.

The two brothers left Marion County and were found in Florida sometime later, where they were arrested and brought back to Tennessee.

There was evidence that part of the shotgun was found under some brush near the store and the other matching parts were found at the store along with the discharged shell, and said shotgun was later identified as belonging to Douglas Orange.

The Applicable Law and Our Conclusions

While we feel very strongly that appeals in the nature presented by this case should go to the Court of Criminal Appeals, nevertheless, under the law as it exists today, the appeal comes to this Court. *In re Houston,* 221 Tenn. 528, 428 S.W.2d 303, 307 (1928). In that case, it was said:

"The case would go from the trial court to the Court of Appeals where the hearing would be de novo with a presumption of correctness of the trial court's finding."

In *Newberry v. Newberry,* 493 S.W.2d 99 (Tenn.App.1973), it was said that this type of appeal requires the Appellate Court to re-evaluate the evidence and to enter an order contrary to that of the lower Courts if it appears that the Trial Court has erred in his findings.

In *State of Tenn. v. Jones,* 220 Tenn. 477, 418 S.W.2d 769 (1966), in an opinion by Judge Chattin, it appears that the defendant was indicted after he reached the age of eighteen for a burglary he allegedly committed before he reached that age. In said case, it was held that the jurisdiction of the Juvenile Court is to be determined by the age of a child at the time of the commission of the alleged delinquency rather than by his age at the time the proceedings were instituted against him and that the mere fact the proceedings were begun after the defendant reached the age of eighteen years did not deprive the Juvenile Court of original jurisdiction since the offense was committed before he reached the age of eighteen. It was further said that, once jurisdiction is acquired by the Juvenile Court of a delinquent, jurisdiction continues until the child reaches majority.

We are convinced that the record in the instant case contains sufficient proof

of probable cause to believe that Edward Ray Orange committed the delinquent act alleged, thus, satisfying the requirements of T.C.A. § 37–234. Also, in view of the fact that the defendant Edward Ray Orange is shown to have a record of previous delinquencies and the Opinion expressed by the Juvenile Judge that he was not amenable to rehabilitation in the present available facilities, we think the question in this regard raised in Assignment No. 1 is shown to be without merit.

We are asked to determine whether a Juvenile Court can retain jurisdiction over a minor until he or she reaches the age of twenty-one, or does that jurisdiction cease at the age of eighteen under the law as it now stands.

Chapter 189, Public Acts of 1971, is an amendment to Section 37–203, T.C.A., said amendment providing as follows:

"BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Tennessee Code Annotated, Section 37–203, is amended by adding the following subsection:

(c) When jurisdiction has been acquired under the provisions of this chapter, except as provided in Tennessee Code Annotated, Sections 37–236 and 37–237, such jurisdiction shall continue for the purposes of this chapter until the child shall have attained his majority. Whenever a child is adjudged a dependent and neglected, or an abandoned, or unruly or a delinquent child under the provisions of this chapter, the court may in its discretion retain jurisdiction and control of such child, in accordance with the provisions of this chapter, until he or she shall have reached the age of twenty-one (21) years."

The foregoing provision applies except where jurisdiction has been acquired under Section 37–236 which deals with an abandoned child, and Section 37–237 entitled: *"Commitment of child to department of correction—Alternatives—Custody—Hearing—Appeal—Discharge—Controversy."*

Also, it is to be noted particularly that said Section 37–203 specifically provides:

"Whenever a child is adjudged a dependent and neglected, or an abandoned, or unruly or a delinquent child under the provisions of this chapter, the court may in its discretion retain jurisdiction and control over such child, in accordance with the provisions of this chapter, until he or she shall have reached the age of twenty-one (21) years." [underscoring supplied]

 In the case at bar, the Juvenile Judge exercised his discretion of transferring this case to the Circuit Court for trial and the Circuit Judge affirmed that decision. Thus, whether the Act be construed as granting discretionary jurisdiction over the delinquent minor until he reaches the age of twenty-one or that such jurisdiction terminates at eighteen, became immaterial in view of the fact that the Juvenile Court, in the exercise of its discretion, relinquished that jurisdiction to the Circuit Court.

It results that Assignment No. 1 is overruled.

At one point in the proceedings the Trial Judge stated to the District Attorney that, up to that point, he thought that the State had not produced enough evidence to sustain its position that the defendant should be bound over to the Grand Jury and dealt with as an adult. In view of this statement, counsel for the defendant assigns as Error No. 2 that the Court erred in failing to give defendant a fair and impartial trial in violation of his constitutional rights by arbitrarily ruling in favor of the State on the grounds that the State could not appeal his decision and not on the law and evidence as required.

Following the above mentioned statement of the Court, in the course of the trial there was other evidence introduced and extensive argument by counsel for the State and the defendant, at the conclusion of all of which the Trial Judge entered his judgment and order in which it is recited:

" . . . And it further appearing to the Court that there are reasonable grounds to believe that the said Edward

Ray Orange committed the aforesaid delinquent act of Murder in the First Degree of Willie Dodson and that the said Edward Ray Orange is not amenable to treatment or rehabilitation as a juvenile through available facilities and that the said Edward Ray Orange is not committable to an institution for the mentally retarded or mentally ill and that the interest of the community requires that the said Edward Ray Orange be held under legal restraint. . . .

IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that the judgment of the Juvenile Court be and the same is hereby affirmed to which action the defendant excepts and prays an appeal to the next term of the Court of Appeals sitting in Nashville, which appeal the Court grants under the condition the defendant will within thirty days file an appeal and appearance bond or paupers oath in lieu of same and files his bill of exceptions within ninety days after the entry of this Order. The defendant, Edward Ray Orange, will remain under the same bond pending the appeal."

■ As noted in *Newberry v. Newberry, supra,* this type of appeal requires the Appellate Court to re-evaluate the evidence and enter an order contrary to that of the lower Courts if it appears that the Trial Court has erred in his findings which, of course, also means that this Court should enter an order affirming the Trial Court if the law and evidence support same.

■ From the decree of the Trial Court, as above quoted, it is evident that the Trial Judge came to the conclusion that there was sufficient evidence before him to sustain that decree and, in the absence of a showing to the contrary, we must conclusively so presume.

It results that Assignment No. 2 is overruled.

All assignments being overruled, the judgment of the Trial Court is affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.