## CHARLES W. RYAN
vs.
## RALPH H. WALKER, WARDEN

Superior Court      Hartford County      File #54495

Present:   Hon. JOHN RUFUS BOOTH, Judge.

Charles W. Ryan, pro se.

The Warden, pro se.

**MEMORANDUM FILED OCTOBER 5, 1936.**

BOOTH (JOHN RUFUS), J. The relator is confined in the State Prison upon a mittimus issued by this Court based upon a charge of escape from jail. This charge is founded upon **Section 6177 of the General Statutes,** a portion of which provides that "any person legally confined in any jail, who shall escape or attempt to escape therefrom, shall be imprisoned in the State Prison or jail not more than five years". To this charge the relator pleaded guilty and was sentenced to a term in the State Prison of not less than two nor more than four years. His claim now is that while he had been legally confined in jail under a sentence of six months for some other offense and while he in fact escaped during the period of such confinement, he at the time of his escape was employed at labor in the yard outside the jail structure and therefore should have been charged under **Section 6176 of the General Statutes** which provides as follows: "any per-

son confined in any county jail or workhouse, who shall, while employed at labor without such jail or workhouse, escape or attempt to escape from the custody of any keeper shall be fined or imprisoned or both, for an amount or term or both, not greater than the original sentence for which he was so confined at the time of such escape or attempt". Whether the charge as made was in accordance with facts as claimed affords no basis for a writ of habeas corpus. "After a final judgment of conviction in a criminal case, the Courts will not in a habeas corpus proceeding, retry a question of fact or inquire into the sufficiency of the evidence to warrant a conviction of the person imprisoned, for even if insufficient, it is error merely and not a ground for discharge in habeas corpus proceedings. 21 **Cyc.** 326; **In re Bion, 59 Conn.** 372.

It is evident that the Court imposing the sentence in question had jurisdiction of the person of the relator and of the offense with which he was charged. The relator pleaded guilty to the charge and the sentence imposed thereon was legal.

For the foregoing reasons the writ of habeas corpus is denied and the relator is remanded to the custody of the respondent to be proceeded against according to law for the offense of which he was convicted.