**STATE, Plaintiff-Appellee v. FULLMER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1831.   Decided January 4, 1945.

John J. Hoover, Dayton, for defendant-appellant.
Nicholas Nolan, Prosecuting Attorney, Dayton, for plaintiff-appellee.

NICHOLS, J., of the Seventh Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

By HORNBECK, J.

Submitted on appeal from a judgment of the Court of Common Pleas, Montgomery County, Ohio, Juvenile Court Division, finding that defendant is a delinquent child and committing her to the Girl's Industrial · School. Appeal is noted on "both the law and the facts," and apparently proceeds by a guardian ad litem appointed by the Juvenile Judge.

At the outset it should be said that this cause may not proceed as upon questions of law and fact for the obvious reason that the action is not one cognizable in chancery at common law and was presented as upon questions of law. The type of appeal becomes immaterial because the question raised is one of law only.

The principal error assigned is the failure and refusal of the trial judge to sustain appellant's motion "to fix and allow her bond so that she may be released during the appeal of the cause."

We know of no constitutional provision, federal or state, which assures one committed to any institution, the right to have bail bond fixed on an appeal from the sentence and judgment. If such provision is made by statute, it is required only that it operate uniformly, 16 C. J. S. 1277. If no provision whatever is made whereby bail bond may be fixed by the trial court, no provision of the Constitution is violated. The Juvenile Court Act makes no specific provision for an appeal from an adjudication that a minor is a delinquent child. The right of appeal was unknown to the common law and is purely a creature of statute, 31 Am. Jur. 808, Wissenberg v Bradley, Judge, (Ia.) 67 A. L. R. 1075.

Assuming that §13453-1 GC may be given application there are at least two cases in Ohio which hold that the right to have execution of sentence suspended and bond accepted is within the sound discretion of the trial judge.

**In Re Thorp, 132 Oh St 119**

**State v. Cook, 70 Oh Ap 1, 24 OO 304, 44 N. E. (2d) 474,** wherein it is held that there is a presumption that the judgment of the trial court in refusing bond is sound. As there is no Bill of Exceptions which tends to show any abuse of discretion in refusing to fix bond, we have no basis upon which to predicate a finding that the appeal bond was improperly refused.

We are satisfied that there is no violation of any constitutional provision in the action of the Court on the motion to fix bond because of the fact that the Legislature has,

by statutory enactment, if applicable to sentence in Juvenile cases, provided the conditions under which, not only the trial court, but the reviewing court, may suspend execution of sentences.

We recognize the cogency and force of the argument advanced by counsel for appellant, both in oral presentation and in his brief in support of his contention that the right to give bond should be accorded to a minor in juvenile cases, but this argument is met in part by the provisions of our Code and if it is to be made mandatory that bond be accepted in all instances involving cases of Juvenile dependency or delinquency, then the argument of counsel is more properly directed to the Legislature than to the Courts.

We have discussed the only error which is presented and considered in the brief of appellant, but other errors are assigned in what is designated "Petition in Error", namely: Error in overruling appellant's motion for new trial; in rendering judgment contrary to law; and for other errors apparent on the face of the record.

No error is assigned which is exemplified upon the record as it comes to us, in the absence of a Bill of Exceptions. Orders in this Court will be in accord with this opinion.

GEIGER, J. and NICHOLS, J., concur.