[No. 32775. Department Two. July 2, 1954.]

*In the Matter of the Welfare of a Minor.*
*In the Matter of the Adoption of a Minor.*[1]

[1] Reported in 273 P. (2d) 243.

*Wright, Booth & Beresford,* for appellant.

*Selander, Espedal & Clark,* for respondent.

DONWORTH, J.—The maternal grandmother of a minor (a girl now four and a half years old), appeals from two decrees entered by the superior court of King county: (1) a juvenile court decree terminating that court's wardship over the child, and (2) a superior court decree allowing the child to be adopted by her stepmother (her father's present wife). The two proceedings were consolidated for hearing.

Actually, the contesting parties to the two proceedings are the maternal grandmother and maternal aunt of the minor child on the one hand and the child's father and his present wife on the other hand. Of course, the welfare of the child is, as always, in such matters the court's principal concern.

The facts necessary to a disposition of these two proceedings are not in substantial dispute and may be briefly stated as follows:

The child was born out of wedlock. Her mother died two days later. A short time after the death of the child's mother, her father, her grandmother (appellant here), and her maternal aunt jointly petitioned the court to allow the father to adopt the child. As a result of that petition, the father legally adopted the child. Her father lived at the home of the maternal grandmother for two and a half years thereafter. The child was living there during this period.

The father then married his present wife, who is now seeking to adopt the child.

About a week after this marriage, the grandmother and the aunt each petitioned the juvenile court to declare the child a dependent child and asked that the father be adjudicated totally unfit to care for the child. A hearing was held, at which all interested parties were present. The court declined to declare the child a dependent child, but by agreement of the parties ordered that the legal custody remain with her father and that the grandmother and aunt should have the right of visitation at all reasonable times and places, and that the child be a ward of the juvenile court.

For almost a year after the hearing in juvenile court, the father and the stepmother accorded the grandmother visitation rights with the child. Approximately six months after the juvenile court had rendered its oral decision purporting to give the grandmother visitation rights, the father and his wife (stepmother of the child here involved) filed a petition for adoption of the child.

As previously stated, both the adoption proceeding and the juvenile court matter were heard together. The grandmother had filed a written objection to the adoption petition. After hearing the testimony of the parties, the trial court entered the two decrees mentioned above, from which the grandmother has appealed:

1. In the juvenile court proceeding, a "Decree Terminating Wardship," by which the provisions of the previous order making the child a ward of the juvenile court were terminated.

2. In the adoption proceeding, a "Decree of Adoption," declaring the child to be the child of the father's present wife.

The first appeal (from the decree terminating wardship) must be dismissed, because there is no right of appeal to this court from the orders, decrees, and judgments of the juvenile court. These may be reviewed only by certiorari or prohibition. *In re a Minor*, 39 Wn. (2d) 744, 238 P. (2d) 914. Since the grandmother had no right of appeal from the decree of the juvenile court above referred to, her attempted appeal must be, and hereby is, dismissed.

Referring to the second appeal, which raises the issue as to the right of the stepmother to adopt this child (with the consent of the father) over the objection of the maternal grandmother, a novel question is presented.

In *In re a Minor*, *supra*, we held in a unanimous *En Banc* decision that, after the death of the mother of an illegitimate child, the right of the father to its custody and control was superior to that of any other person unless the father be found to be unfit to have such custody. In this case, the father joined in the petition whereby his wife sought to adopt the child. The trial court found that the father and the stepmother "are fit and proper persons to be entrusted with the care and education of said child and are suitable and reliable persons to be charged with the care, custody and control of said minor." These findings are not challenged by appellant.

Furthermore, in the case at bar the father had formally adopted the child (with the approval and aid of appellant here) shortly after the child's mother died. Consequently, here the father's rights are even stronger than those of the father in the case of *In re a Minor*, *supra*, because he is both the natural and adoptive father of the minor.

Therefore, the father's rights must be held superior to those of the grandmother under the undisputed facts of this case. Hence, the trial court did not abuse its discretion in permitting the child to be adopted by the stepmother with the consent of the father.

A further contention is made that appellant was entitled to notice of the hearing on the petition for adoption, because she had been given visitation rights under the first juvenile court order, which was entered by consent of the parties.

RCW 26.32.080 provides in part:

"The court shall direct notice of any hearing under RCW 26.32.050 to be given to any nonconsenting parent or guardian, if any, and to any person or association having the actual care, custody, or control of the child: . . ."

There are two answers to appellant's contention: The first is that her visitation rights did not constitute her "a

person . . . having the actual care, custody or control of the child" within the meaning of the above quoted statute. The second answer is that the record shows that appellant filed a written objection in the adoption proceeding, appeared at the hearing in person and by counsel, and testified fully in support of her objection.

Finally, appellant assigns as error the appointment of a juvenile court caseworker as next friend of the minor child to make an investigation and report in writing as to the propriety of the proposed adoption. The record shows that the adoption service supervisor, not the caseworker, was named by the court as next friend, and that the adoption service supervisor had requested the caseworker to make the required investigation and report. However, from what has been previously said in this opinion, it seems clear that appellant has no standing to raise this question.

Finding no abuse of discretion in the entry of the decree of adoption by the superior court, it is hereby affirmed.

For the reason hereinbefore stated, the appeal from the juvenile court decree is dismissed.

GRADY, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.