## Anna Scire *v.* Ethel D. Mecum

Superior Court          Fairfield County          File No. 95826

Memorandum filed May 5, 1955.

*William M. Genuario,* of Norwalk, for the plaintiff.

*John J. Bracken,* attorney general, and *Ernest H. Halstedt,* assistant attorney general, of Hartford, for the defendant.

Troland, J. The petitioner, Anna Scire, is a minor who was committed to the Long Lane School as a delinquent child by the Juvenile Court for the state of Connecticut for the first district on August 12, 1954. No appeal was taken from said judgment of the Juvenile Court. The petitioner now claims that her commitment was illegal in that she claims that she was adjudged delinquent without a full and complete hearing before said Juvenile Court; that she was not represented by counsel at said hearing; that her parents were not advised of her "right to be represented by an attorney" and to be confronted by witnesses against her; and for the further reason, which is the principal reason stressed in argument on behalf of the petitioner, that "the evidence upon which said commitment was based did not justify a finding that Anna Scire was delinquent within the meaning of the Statute under which said proceedings were had." It also claimed that petitioner now

has many character witnesses ready to testify that her character was exemplary, and that this evidence was not reasonably available to her at the hearing before the Juvenile Court, and she desires the opportunity to present said evidence before this court on a hearing de novo.

An examination of the provisions of the General Statutes disposes of most of petitioner's claims. A Juvenile Court commitment is not a criminal prosecution but is a civil inquiry. General Statutes § 2817; *Cinque* v. *Boyd,* 99 Conn. 70, 83. The act creating the Juvenile Court for the state of Connecticut and providing for its jurisdiction and procedure denies the child no rights guaranteed by the constitution. The act is not to provide for the trial of a child charged with a crime, but is mercifully to save it from such an ordeal. In a similar case our Supreme Court has said: "In holding that the Act now before us for construction is not of a criminal nature, we dispose of all claims founded upon its want of conformity to the constitutional guaranties in that regard." *Cinque* v. *Boyd, supra,* 89.

The petitioner admits that there was a hearing before the Juvenile Court, and that this hearing was brought about by a petition filed by the probation officer of the Juvenile Court as provided by law. § 2807. Petitioner admits that all the preliminary investigations and reports required by law to be made prior to hearing and prior to disposition of the child's case were likewise made and rendered. § 2811. The petitioner nevertheless maintains that the evidence on which commitment was based did not justify a finding by the Juvenile Court that the child was delinquent. Petitioner claims the right to come into the Superior Court to have the question whether or not this child was a delinquent, as adjudicated by the Juvenile Court, determined anew, after the presentation of evidence on behalf of this young girl.

The petitioner having failed to seek review of the question of delinquency in the manner provided by law, by appeal, it is not now open to her to attack the judgment collaterally and seek to retry the case upon a writ of habeas corpus. In a similar case, where a petitioner sought on a writ of habeas corpus to have the Superior Court review the sufficiency of the evidence in the original case, our Supreme Court of Errors held: "To us it seems a singular misconception of the true office of such a writ to give it the force of a writ of error, a motion for a new trial, or an appeal of the original case." *In re Bion,* 59 Conn. 372, 386. To the same effect is *Perell* v. *Warden of State Prison,* 113 Conn. 339, 342, and *Ryan* v. *Walker,* 4 Conn. Sup. 215, 216. The petitioner has misconceived her remedy as to her exceptions to the finding of the Juvenile Court on the evidence before it.

The return of the respondent is sufficient.

Judgment may enter dismissing the writ.