## Redding Appeal.

Argued June 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William J. Woolston,* for appellant.

*Benjamin H. Renshaw, Jr.,* Assistant District Attorney, with him *Thomas M. Reed,* Assistant District Attorney, *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY RHODES, P. J., September 30, 1957:

This is an appeal from an order of the Juvenile Division of the Municipal Court of Philadelphia revoking the probation of John Redding, who had previously been adjudged a delinquent, and committing him to The Glen Mills Schools. Our scope of review is broad. Act of June 2, 1933, P. L. 1433, §15, 11 PS §257; *Ciammaichella Appeal,* 369 Pa. 278, 85 A. 2d 406; *Com. ex rel. Harry v. Eastridge,* 374 Pa. 172, 177, 97 A. 2d 350.

354

See, also, *Rinker Appeal,* 180 Pa. Superior Ct. 143, 149, 117 A. 2d 780.

The pertinent facts appear in the following excerpts from the opinion of Judge MILLEN:

"John Redding was born on June 25, 1942, and is presently fourteen years of age. He was first adjudged a delinquent, on October 10, 1953. This resulted from his involvement in an affray in which another boy was shot. He was placed on 'strict' probation.

"On May 22, 1954, he was charged with violation of the Uniform Firearms Act, and on June 4, 1954, his probation was continued. . . .

". . . on March 16, 1955, he was involved in a gang fight in which a boy was stabbed. On April 22, 1955, at a hearing before President Judge HAZEL BROWN, he was . . . adjudged delinquent on the charge of 'Conspiracy to Commit Gang War.' Strict probation was continued.

"On April 30, 1955, he was charged with assault and battery by stabbing. After a hearing before the late Judge PROPPER, he was committed to the Catholic Children's Bureau for Protectory, on May 20, 1955. On August 21, 1956, he was paroled from the Catholic Protectory. . . .

"On January 25, 1957, there was a hearing . . . [on charges of] . . . violation of the Uniform Firearms Act, riot and affray. We adjudged him delinquent, but because he had recently completed a term at the Catholic Protectory, we felt that consciousness of being on probation might act as a deterrent, and placed him on probation.

"Less than one week later, January 31, 1957, he was again arrested, and this arrest led to commitment, which resulted in the appeal.

"On January 31, 1957, as a result of an outcry by a young girl, who was in company with John Redding,

several police officers approached them. When they smelled liquor on Redding's breath, they attempted to arrest him. He struck one of the officers and ran, but was caught. A menacing crowd appeared on the scene. . . . A riot ensued, which was eventually quelled. . . .

"The proceeding which led to the commitment was not a proceeding to determine delinquency. Delinquency had been established, as early as October 10, 1953, and the juvenile was on probation. Delinquency is a continuing status, and if the juvenile is released on probation, such probation continues in effect, until said juvenile reaches the age of twenty-one. Act of June 2, 1933, P. L. 1433, §12, 11 PS §254. Hence the hearing on February 25, 1957, was to determine whether the probation should continue or whether the juvenile should be committed for discipline, correction and reform."

Another hearing was held on March 11, 1957, and there was a rehearing at the request of counsel on April 5, 1957. After each hearing the court reaffirmed the order of commitment.

The court below was of the opinion that the grant of probation, notwithstanding the prior commitment, had not acted as a deterrent or contributed toward the rehabilitation of appellant. For this reason the court below, in the exercise of its discretion, concluded that the appellant should have the training provided by The Glen Mills Schools. See *Weintraub Appeal,* 166 Pa. Superior Ct. 342, 348, 71 A. 2d 823. The prior adjudications of delinquency, the propriety of which appellant does not question, were sufficient reasons to revoke the probation and commit the appellant to an institution. *Holmes Appeal,* 175 Pa. Superior Ct. 137, 143, 103 A. 2d 454, affirmed 379 Pa. 599, 602-609, 109 A. 2d 523. Our review of the matter indicates that the commitment was proper under the circumstances. *Ciam-*

*maichella Appeal,* supra, 369 Pa. 278, 281, 282, 85 A. 2d 406. "Appellant's repeated derelictions are proof positive of the fact either that his parents were indifferent to his bad behavior or were unable to control him." *Holmes Appeal,* supra, 379 Pa. 599, 609, 109 A. 2d 523, 527.

The order is affirmed.