374 P.2d 854

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Pete BOMBINO, Defendant-Appellant.**

**No. 9099.**

Supreme Court of Idaho.

Sept. 28, 1962.

Frank L. Benson, Atty. Gen., Wm. E. Swope, Asst. Atty. Gen., Boise, and Darwin, Cogswell, Sp. Pros. of the State, Sandpoint, for respondent.

J. Ward Arney and Pat W. Arney, Coeur d'Alene, for appellant.

TAYLOR, Justice.

Defendant (appellant) was charged with "child neglect" in the probate court of Bonner county. Upon further proceedings, as provided for by I.C. Title 16, Chapter 16, an order of commitment was made by the court removing a minor daughter of defendant, Sandra Bombino, age 11, from his custody and committing her to the custody of the North Idaho Childrens Home Finding and Aid Society at Lewiston, Idaho, and making her a ward of that institution until she should attain the age of 18 years. The order further provides:

"All rights and powers of her parents in respect to the care and disposition of the said Sandra Bombino shall be vested in the said Society which shall have the authority to care for, control, educate, place out temporarily or for adoption in some suitable home as approved by such Society and to consent to her adoption: provided, however, that no order for permanent adoption

of the said Sandra Bombino shall be made until the expiration of three months after the date of this order of commitment."

The order was made and entered April 20, 1961. Notice of appeal dated July 24, 1961, was filed July 25, 1961. The caption of the notice indicates the appeal was to the district court. Upon motion of the State the appeal was dismissed by the district court on the ground that it had not been timely taken. This appeal is from the order of dismissal.

Idaho Code, § 16–1608, in pertinent part provides:

"In every case where the court shall make an order, as provided in the foregoing sections, removing a child from its parents, guardian or custodian and committing it to the care of some person, institution or to some society, as herein provided, the child shall, unless otherwise ordered, become a ward of and be subject to the guardianship of such person, institution or society until it shall have reached the age of eighteen years, and all the rights and powers of the parents, guardian or custodian in respect to the care and disposition of such child shall be vested in such person, institution or society, who shall have the authority to care for, control, educate, place out temporarily or for adoption in some suitable home as ap-

proved by such person, institution or society and to consent to its adoption: provided, that no order for permanent adoption of such child shall be made until the expiration of three months after the date of the order of commitment, and the court making the commitment may, in the order of commitment, but not otherwise, extend this time to not exceed altogether the period of six months. And at any time within such period, upon petition filed for that purpose, said probate court of original jurisdiction may, for good cause shown and upon such terms as it may deem just as to reimbursement for the care of such child in the meantime, vacate the order of commitment and direct the return of the child to its parents or guardian or other custodian. Such petition must be verified and must be filed within the specified period and must show that since the order of commitment was made the condition and disposition and status of the parents or the custodian had so changed that it would be for the best interests of the child to return to its parents or such custodian. * * *"

Idaho Code, § 16–1618, in part provides:

"All orders of final judgment made by any court or the judge thereof, adverse to the parents, guardian or custo- dian of the child, as provided by this chapter, may be appealed to the district court, such appeals to be governed by the laws relating to appeals from probate and justices' courts to the district courts in civil actions, provided by chapter 1 of title 17, * * *"

Idaho Code, § 17–101, fixes the time for taking an appeal in civil actions from the probate and justices' courts to the district court "at any time within thirty days after the rendition of the judgment."

■ It is the contention of defendant that the order of commitment was interlocutory and did not become final until the expiration of three months after its date. The order of commitment contained no provision extending the three-month period. Hence, in this case defendant's right to petition the probate court for the return of the child was limited to the period of three months from the date of the commitment.

■ The order of commitment was a final judgment and appealable. It conclusively and finally determined the status of the child; concluded all rights of the parents in respect to its care and disposition; and vested complete authority and control over the child in the Society. It was a final determination of all issues presented or which might have been presented at the hearing, subject only to review by the dis-

trict court on appeal. The hearing contemplated before the probate court upon a petition by the parent during the three-month period is concerned only with "the condition and disposition and status of the parents" subsequent to the order, and the outcome depends upon a showing that such condition, disposition and status "had so changed that it would be for the best interests of the child to return to its parents". Upon such petition and hearing no reconsideration could be had of the condition or status of the parent or child prior to the order of commitment. As to such issues the order was final and conclusive, subject to appeal, or to being vacated by the probate court on petition and proof of changed conditions, as provided by I.C. § 16–1608, supra.

The appeal herein, not having been taken within thirty days from the date of the commitment, was properly dismissed by the district court. Doolittle v. Morley, 76 Idaho 138, 278 P.2d 998; State, ex rel. Hedrick, v. Hartford Accident and Indemnity Co., 154 Kan. 79, 114 P.2d 812; In re Guardianship of Marshall, 124 Cal.App.2d 807, 269 P.2d 160.

Affirmed.

No costs allowed.

SMITH, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.