■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID L. WILLIAMS, Appellant.— Judgment unanimously affirmed. Memorandum: In affirming this judgment of conviction it is pointed out that it was error for the trial court to direct the defendant to exercise peremptory challenges before the jury was declared satisfactory by the People (*People* v. *Fromen,* 284 App. Div. 576). There was, however, no prejudice to the substantial rights of the defendant, since he had 20 challenges under section 373 of the Code of Criminal Proceure, of which he exercised only 6. (Appeal from judgment of Monroe County Court convicting defendant of burglary, third degree.) Present — Bastow, J. P., Goldman, McClusky, Henry and Noonan, JJ.

■ LILLIAN MOSESON, Respondent, v. EPHRIAM J. BLAU, Appellant.— Judgment unanimously modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Order entered December 7, 1962, vacated as improperly granted. Memorandum: The judgment should be modified by striking the paragraphs thereof numbered 1, 2, 3, 4 and 6. In the last four numbered paragraphs relief was granted which was neither demanded in the complaint, nor supported by proof at the trial, nor authorized by the decision. Moreover, the declaration in paragraph 1 of the judgment is not consistent with the conclusions of law. In place thereof there should be substituted an adjudication that plaintiff, pursuant to the provisions of paragraph 6 of the lease, is entitled to receive such amounts as represent the difference between (a) the amount paid for taxes which were levied against the demised premises for the fiscal year February 1, 1950–January 31, 1951 and (b) the amounts which are levied for each of the fiscal years, February 1, 1960–January 31, 1961 through the fiscal year February 1, 1969–January 31, 1970, inclusive. The judgment should further provide that the counterclaim of defendant be dismissed. Lastly, the order entered December 7, 1962 should be vacated. The trial court was without authority to grant such relief in the light of the pleadings, the proof and the findings of fact and conclusions of law. (Appeal from a judgment and order of Steuben Trial Term for plaintiff in an action for a declaratory judgment as to a clause in a lease.) Present — Bastow, J. P., Goldman, McClusky, Henry and Noonan, JJ.

■ In the Matter of TESSIE MOON, a Person Alleged to be a Juvenile Delinquent, Respondent-Appellant. — Order unanimously reversed on the law and facts, without costs, and matter remitted to the Oneida Family Court for a new hearing. Memorandum: The conduct of the fact-finding hearing was not in accordance with the provisions of section 742 of the Family Court Act. If we should assume that there was any "evidence" produced, the determination of delinquency was not based on a preponderance as required by subdivision (b) of section 744 of that act. (Appeal from order of Oneida Family Court adjudicating the respondent a juvenile delinquent.) Present — Williams, P. J., Bastow, Goldman, McClusky, and Noonan, JJ.