## Sandusky, Jr. License

*Thomas P. Ruane*, for appellant.

*Robert L. Webster*, for Secretary of Revenue.

FEIGUS, J., January 15, 1964.—This is an appeal from the order of the Secretary of Revenue suspending appellant's motor vehicle operator's privileges for one year for an alleged offense committed with a motor vehicle by appellant at the age of 16 years, and prior to the grant of the license, and for which he came under the jurisdiction of the Juvenile Court of Fayette County as a delinquent child.

The Vehicle Code of April 18, 1959, P. L. 58, sec. 616 (a) (2), as amended, 75 PS §616, requires the secretary to revoke operator's privileges for one year upon receipt of certain records of conviction. However, in the instant case, there was no record of conviction before the secretary. An adjudication of delinquency by the juvenile court does not constitute a conviction nor does the child incur any civil disability thereby: Act of June 2, 1933, P. L. 1433, sec. 19, 11 PS §261; Trignani's Case, 148 Pa. Superior Ct. 142; 31 Am Jur. Juvenile Courts 340. In proper circumstances, the juvenile court may certify cases to the court of quarter sessions: Act of June 2, 1933, P. L. 1433, sec. 18, 11 PS §260.

The Vehicle Code makes specific provision for reference of some code infractions by minors to the juvenile

court: Act of July 26, 1961, P. L. 907, sec. 2, 75 PS §1203.1. It also makes provision for suspension of licenses of juveniles: Act of September 16, 1961, P. L. 1367, sec. 2, 75 PS §604.1; Act of July 26, 1961, P. L. 907, sec. 1, 75 PS §618 (a.1) (6). Section 618(f) of the code apparently provides for suspension of licenses granted to juveniles upon request or order of the juvenile court.

In our opinion, the instant suspension should have originated with the Fayette County juvenile court, and without such intervention, the secretary's action was premature. This result is in keeping with the spirit and purpose of the Juvenile Court Law of June 2, 1933, P. L. 1433, sec. 1, et seq., 11 PS §243, et seq.; Holmes Appeal, 379 Pa. 599, 603. Where the jurisdiction of the court has attached, it should retain its paramountcy and exclusive control: Act of June 2, 1933, P. L. 1433, secs. 12 and 19, 11 PS §§254, 261; Redding Appeal, 184 Pa. Superior Ct. 352; State v. Freeman, 81 Mont. 132, 262 Pac. 168. It may be retained for an adjudicated delinquency until the child arrives at the age of 21 years: Act of June 2, 1933, P. L. 1433, sec. 12, 11 PS §254; Redding Appeal, supra.

## Order

And now, January 15, 1964, a hearing having been held and testimony taken in the above-styled case, and the court having examined into the facts of the case, and determined whether appellant's operator's privileges should be suspended, upon and after consideration thereof, the appeal is sustained, and the order of the Secretary of Revenue suspending appellant's operator's privileges is hereby set aside and reversed, and it is ordered and directed that said operator's privileges be reinstated.