404 P.2d 721

Ted L. GINN and Betty Jeanne Ginn, Appellants,

v.

SUPERIOR COURT, IN AND FOR the COUNTY OF PIMA, Appellee.

In the Matter of Paul GINN, a Delinquent Minor Child.*

No. 2 CA–CIV 6.

Court of Appeals of Arizona.

Aug. 2, 1965.

Rehearing Denied Sept. 29, 1965.

Review Denied Oct. 26, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7308. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

Spaid, Fish, Briney & Duffield, by Richard R. Fish, Tucson, for appellants.

Robert W. Pickrell, Former Atty. Gen., Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

HATHAWAY, Judge.

On October 23, 1957, the appellants' fifteen-year-old son was adjudicated a delinquent child and was committed to the State Industrial School by order of the Pima County juvenile court. The order provided that the child's detention be for his minority, unless he was sooner discharged by the Board of Directors of State Institutions for Juveniles. It further recited:

"3. It is the express intention of this court that it shall retain jurisdiction * * * to make such additional orders as may be appropriate."

On July 16, 1958, while the child was in the State Industrial School's custody, the juvenile court entered an order providing for the establishment of a bank account by the appellants who were to make monthly deposits thereto. The funds deposited were to be used for certain purposes involving the child's welfare, and the appellants acquiesced in the arrangement. Disbursements from the account were to be authorized and made only by court order.

On May 25, 1960, the juvenile court, on its own motion, ordered the appellants to show cause why they should not be required to pay a reasonable amount for the child's support during the time he had been and would continue to be in the state institution. After a hearing on the matter and submission of memoranda by counsel the court took the matter under advisement.

On July 12, 1960 the minor, who was then approximately eighteen years of age, was released from the institution, whereupon the juvenile court, on August 18, 1960, placed him in the care and custody of his uncle in Colorado.

On December 31, 1960, the court entered an order directing that the sum of $1,519.-40 be paid to the State of Arizona for the child's maintenance from June 1, 1958 to July 11, 1960, said sum to be paid from the funds in the bank account established in accordance with the 1958 court order. The funds having remained substantially unexpended for the purposes designated, it was the opinion of the juvenile court judge that the dictates of fairness required the parents to reimburse the State for the

child's maintenance. The parents have appealed this order claiming that the juvenile court had no jurisdiction to enter it.

█ At the outset, we must point out that an appeal is a matter of privilege granted either by the Constitution or by statute, and the right to appeal does not exist unless expressly and affirmatively granted. Yerger v. Bross, 68 Ariz. 104, 107, 201 P.2d 121 (1949); State Tax Commission v. Miami Copper Co., 74 Ariz. 234, 237, 246 P.2d 871 (1952); Kemble v. Porter, 88 Ariz. 417, 418, 357 P.2d 155 (1960). Although the question has not been presented by the parties to this appeal, this court is bound to inquire, sua sponte, into its jurisdiction. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 43, 365 P.2d 208 (1961); In re Rich Hardware Co., 21 Ariz. 394, 399, 188 P. 875 (1920). When it has decided against its jurisdiction it cannot determine the particular matter notwithstanding the parties agree to its submission. In re Juvenile Delinquency Appeal, Mo.App., 289 S.W.2d 436, 437 (Mo.1956). Therefore, we must raise the question—Does an appeal lie from this juvenile court order?

This question has not been resolved in Arizona although it was raised in the case of In re Johnson, 86 Ariz. 297, 345 P.2d 423 (1959). In that case a motion to dismiss an appeal from a juvenile court order was made on the grounds that the order was not appealable and that the appellants were not the real parties in interest. The appeal was dismissed on the latter grounds and the appealability aspect was not decided.[1]

We have had to look to the treatment in other states in order to decide the question, and find that in a great number of states, direct appeals are allowed from juvenile court orders. See In re Perry, 175 Neb. 711, 123 N.W.2d 633 (1963); In re Mikkelsen, 38 Cal.Rptr. 106 (Cal.App.1964); In re Moon, 20 A.D.2d 622, 244 N.Y.S.2d 865 (1963); In re Perham, 104 N.H. 276, 184 A.2d 449 (1962); State v. Tuddles, 38 N.J. 565, 186 A.2d 284 (1962); Joseph v. Com. ex rel. Scalf, 310 S.W.2d 279 (Ky. 1958); Jones v. Commonwealth, 185 Va. 335, 38 S.E.2d 444 (1946); Scire v. Mecum, 19 Conn.Sup. 373, 114 A.2d 385 (1955); In re Lindh, 11 Utah 2d 385, 359 P. 2d 1058 (1961); State v. Bambino, 84 Idaho 554, 374 P.2d 854 (1962); Ray v. Woodard, 377 P.2d 216 (Okl.1962); In re Redding, 184 Pa.Super. 352, 134 A.2d 689 (1957); Ex Parte Yelton, Tex.Civ.App., 298 S.W. 2d 285 (1957); In re Tillotson, 225 La. 573, 73 So.2d 466 (1954); Everett v. Barry, 127 Colo. 34, 252 P.2d 826 (1953); In re Aronson, 263 Wis. 604, 58 N.W.2d 553 (1953). However, investigation reveals that these jurisdictions have specific provisions for appeal in their respective Juvenile Codes.[2]

This is not the case in Arizona. Our Juvenile Code is found in Sections 8–201 to 8–239 inclusive of the Arizona Revised Statutes. It prescribes the proceedings in matters affecting neglected, dependent and delinquent children and defines who are neglected, dependent or delinquent children. Section 8–228 provides that an adjudication by the juvenile court upon the status of a child shall not operate to impose any

1. Of interest is a 1929 Iowa case, Wissenberg v. Bradley, 209 Iowa 813, 229 N.W. 205, 67 A.L.R. 1075, where the court declined to decide whether an appeal would lie from a juvenile court order. The proceedings were in certiorari and the constitutionality of the juvenile code was attacked, no specific provision for appeal being contained therein. In holding that the right to review is not essential to due process of law, the court stated that it would not considered the question of whether appeal was available since both parties to the proceedings assumed that it was not. (229 N.W. at p. 209)

2. Neb.Rev.Stat. § 43–302; Cal.Wel. & Inst. Code § 580; N.Y. Family Court Act § 1011; N.H.Rev.Stat.Ann. 169:24; N.J. Stat.Ann. tit. 2A, § 4–40; Ky.Rev.Stat. 208.380; Va.Code Ann. § 16.1–214; Conn. Gen.Stat. § 17–70; Utah Code Ann. 55–10–34; Idaho Code 16–1819; 10 Okl. Stat. § 108; Pa.Stat.Ann. tit. 11 § 251; Tex.Stat.Ann. Art. 2338–1, § 21; La. Rev.Stat. 13:1569; Colo.Rev.Stat. § 37-9–15; Wis.Stat.Ann. 48.47.

civil disability nor shall such adjudication be deemed a conviction. Section 8–231 grants authority to the judge to order a child committed to the State Industrial School and to order parents to contribute to the child's support.

■ No provision is made in the juvenile laws for an appeal from the juvenile court to this court. Absent a provision for appeal, we hold that there is no right of appeal. See State v. Fullmer, 76 Ohio App. 335, 62 N.E.2d 268, 269 (1945); State v. Bockman, 139 Tenn. 422, 201 S.W. 741, 742 (1918); Doster v. State, 195 Tenn. 535, 260 S.W.2d 279 (1953);[3] Foster v. Myers, 117 P. 806 (Or.1911);[4] State ex rel. Gray v. Webster, 122 Wash. 526, 211 P. 274 (1922); Wade v. State, 39 Wash.2d 744, 238 P.2d 914, 917 (1951); In re Miller, 40 Wash.2d 319, 242 P.2d 1016, 1017 (1952). Title 8, Chapter 2, Arizona Revised Statutes, prescribing the procedure for juvenile courts is in so far as it relates to such subject, complete in itself and the general statutes relating to appeals from the superior courts have no application. See Foster v. Myers, supra.

■ There being no right of appeal, we must perforce dismiss this attempted appeal. However, in holding that an appeal from the juvenile court order herein involved is not available to an aggrieved party, we do not mean to imply that such orders are not reviewable. They are subject to appellate review by certiorari. Wade v. State, supra; In re Welfare of a Minor, 45 Wash.2d 20, 273 P.2d 243, 244 (1954); In re Messmer's Welfare, 52 Wash.2d 510, 326 P.2d 1004 (1958).

Appeal dismissed.

3. Subsequent to these decisions, the Tennessee Code was amended to provide for appeals from juvenile court orders. See Tenn.Code Ann. § 37–235 (1953), now § 37–273.

4. In 1960, appeal from juvenile court orders was provided in Or.Rev.Stat. § 419.-561.

KRUCKER, C. J., and DON T. UDALL, Retired Judge, concur.

NOTE: Judge John F. Molloy having requested that he be relieved from consideration of this matter, Judge Don T. Udall was called to sit in his stead and participate in the determination of this decision.

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 1571. The matter was referred to this court pursuant to Sec. 12–120.23 A.R.S.