[No. 7274-1.   Division One.   March 26, 1979.]

*In the Matter of the Welfare of*
TYROME WATSON.

*In the Matter of the Welfare of*
JEROME WATSON.

*Slade Gorton, Attorney General,* and *Philip G. Hubbard, Assistant,* for appellant.

*Mary F. Koehler,* for respondent.

*Frederick Rogovy,* for guardian ad litem.

ANDERSEN, J.—

FACTS OF CASE

The State has filed a notice of appeal from an order entered on January 18, 1979, restoring custody of the two minor children to the mother and dismissing the State's petition for permanent deprivation or for continued dependency. A motion to stay the Superior Court order was filed

on January 23, 1979, and following a hearing before a commissioner, the matter was referred to a panel of this court pursuant to RAP 17.2(b) for consideration of three issues.

ISSUES

ISSUE ONE. Is the State entitled to appeal as a matter of right pursuant to RAP 2.2 from the dismissal of its petition for permanent deprivation or for continued dependency?

ISSUE TWO. If the State is not entitled to appeal as a matter of right, should discretionary review be granted pursuant to RAP 2.3(b)?

ISSUE THREE. Would it be in the best interests of the children to grant a stay pending appeal or discretionary review?

DECISION

ISSUE ONE.

CONCLUSION. The State is not entitled to appeal as a matter of right from the dismissal of its petition for dependency or permanent deprivation.

■ Prior to adoption of the Rules of Appellate Procedure, there was "no provision for appeal in the juvenile court law. The orders and judgments of the juvenile court, whether relating to delinquent or dependent children, [were] subject to review by certiorari." *In re Messmer,* 52 Wn.2d 510, 511, 326 P.2d 1004 (1958). *Accord, In re a Minor,* 39 Wn.2d 744, 749, 238 P.2d 914 (1951); *In re a Minor,* 45 Wn.2d 20, 22, 273 P.2d 243 (1954); Comment (a)(5), RAP 2.2(a), 86 Wn.2d 1144, 1145 (1976).

In adopting the Rules of Appellate Procedure, the State Supreme Court provided in RAP 2.2(a) that

(a) . . . Except as provided in section (b), a party may appeal from only the following superior court decisions:

. . .

(5) *Juvenile Court Disposition.* The disposition decision following a finding of dependency by a juvenile court, . . .[1]

---

[1]RAP 2.2(a)(5) as amended by an order of the State Supreme Court dated July 18, 1978. *See* 90 Wn.2d 1137 (1978).

(6) *Deprivation of All Parental Rights.* A decision depriving a person of all parental rights with respect to a child.

It has been held that this rule explicitly recognizes those stages of juvenile proceedings where an appeal as a matter of right will lie, and that the failure to mention transfer proceedings therein indicates that there was no intent to grant the right to appeal from declination orders in transfer proceedings. *In re Lewis,* 89 Wn.2d 113, 115, 569 P.2d 1158 (1977). That reasoning persuades us that the State is not entitled to appeal from the dismissal of a petition for dependency or permanent deprivation. The failure to include such dismissals in RAP 2.2(a)(5) and (6) indicates the intent that such appeals not be permitted.

Issue Two.

Conclusion. From the record before us, we conclude that it would be in the best interests of the children to grant discretionary review pursuant to RAP 2.3(b).

Although the State does not have the right to appeal the order dismissing its petition, its notice of appeal may be given the same effect as a notice for discretionary review. RAP 5.1(c).

In considering the limited record before us, we find that the decision of the Superior Court "substantially alters the status quo," RAP 2.3(b)(2), and that in the best interests of the children this court should determine whether the trial court erred in denying the State's petition. We reach this decision in part because the children, who are 7–year–old twins, have been in the same foster home since 1973, and their mother has had no contact with them for the past 5 years. Accordingly, the State's motion for discretionary review is granted and the State will be required to perfect the record and file its brief on an expedited basis which will be specified in a further order of this court.

Issue Three.

Conclusion. We conclude that the order restoring custody should be stayed pending review.

24

The record indicates that the guardian ad litem appointed to represent the children, as well as the State's experts, contend that removing the children from their current foster home might cause irreparable harm. Under these circumstances, we conclude that in order to insure that the best interests of the children are maintained pending review, and that there be effective and equitable review, the order restoring custody entered on January 18, 1979, which was previously stayed by order of a commissioner of this court, is further stayed pending a hearing and determination on the merits.

The State's motion for discretionary review is granted and the order restoring custody to the mother is stayed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied February 13, 1980.