[Nos. 17252–2–I;      Division One.      October 10, 1988.]
21187–1–I; 21188–9–I; 20177–8–I;
18892–5–I; 18893–3–I; 17253–1–I.

*In the Matter of* SUNNY CHUBB, ET AL.

THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,
*Respondent,* v. EILEEN CHUBB, *Appellant.*

*Dori Jones* and *Marc R. Lampson* of *Washington Appellate Defender Association* and *Helen H. Wilson,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Frederick Staatz, Assistant,* for respondent.

*Robert Stokes, Jr., William W. Hague,* and *Monroe, Stokes, Eifelbach & Lawrence,* for the children.

WILLIAMS, J.—These consolidated appeals are the continuation and conclusion of the proceedings in the dependency of the minors Sunny and Vincent Chubb, first reported in *In re Chubb,* 46 Wn. App. 530, 731 P.2d 537 (1987). In that opinion, we affirmed the order of dependency removing the children from the custody of their mother, Eileen Chubb, and placing them in foster care primarily because of the finding, supported by substantial evidence, that

> Ms. Eileen Chubb is the natural mother of the child Sunny M. Chubb who is the subject of this action. Eileen Chubb suffers from mental illness of a chronic nature which significantly impairs her from adequately caring for the emotional needs of her children who if returned to their mother at this time would be in circumstances constituting a danger of substantial damage to the child's psychological development.

*In re Chubb,* 46 Wn. App. at 531. As we observed in that opinion:

> There is substantial evidence to allow a reasonable person to conclude that Eileen cannot adequately care for

the children and that they are in circumstances which constitute a danger of substantial damage to their psychological development. RCW 13.34.030(2)(c); RCW 13.34.130. There is substantial evidence to show that Eileen is delusional; that she expresses those delusions in the presence of her children; that her delusions involve violent acts and unreal beliefs about her children and others who wish to help her; that Vincent is showing symptoms of inadequate attention to his psychological and physical needs; that Eileen is unable or unwilling to accept counseling or parenting help.

*In re Chubb,* at 532–33.

Subsequently, periodic dependency review hearings were held pursuant to RCW 13.34.130(3). At each hearing, the situation was found not to have significantly changed and appropriate orders were entered continuing the dependency status of the children. Mrs. Chubb has appealed from the dependency review orders entered on August 13, 1985, April 18, 1986, and December 19, 1986.

Finally, upon the petition of the State, a termination hearing was held pursuant to RCW 13.34.180 and .190. This hearing resulted in a judgment terminating Mrs. Chubb's parental rights to the children. Her appeal from that judgment has been consolidated with those from the dependency review orders.

## DEPENDENCY REVIEW ORDERS

The dependency review orders are interlocutory in character, there being no right of appeal, only discretionary review. RAP 2.2(a)(5) and (6) are the sections providing for appeals from a disposition order following a finding of dependency and from an order terminating parental rights. But as was said in *In re Watson,* 23 Wn. App. 21, 23, 594 P.2d 947 (1979) "[t]he failure to include such [orders] in RAP 2.2(a)(5) and (6) indicates the intent that such appeals not be permitted." In that case the State was denied the right of appeal from the dismissal of a petition for dependency or termination. Dependency review orders entered pursuant to RCW 13.34.130(3) do not require that a finding of dependency be made at each review hearing

and therefore they are not appealable under RAP 2.2(a)(5). No other subsections of RAP 2.2 permit appeal of dependency review orders and no policy interest justifies an appeal as of right. Because of the seriousness of the issues raised, the notices of appeal from the dependency review orders will be treated as notices seeking discretionary review. *See* RAP 5.1(c).

Discretionary review will be accepted only:

(1) If the superior court has committed an obvious error which would render further proceedings useless; or

(2) If the superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act; or

(3) If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court.

RAP 2.3(b).

Several constitutional questions are presented. Mrs. Chubb first contends that the definition of "dependent child" under RCW 13.34.030(2)[1] is unconstitutionally overbroad and is facially vague because it invades a fundamental liberty of a parent, specifically the care, custody and control of his or her children, without establishing the interests of the State or the standards of behavior required of the parent. The forerunner of this statute, which varied only in that it defined a "dependent child" as one not having a parent capable of exercising "proper parental control", was approved in *In re Aschauer,* 93 Wn.2d 689, 611 P.2d 1245 (1980).

Mrs. Chubb's main argument is that as a parent, she has an absolute First Amendment right to relate her opinions

---

[1] "'Dependent child'" means any child:

" . . .

"(c) Who has no parent, guardian, or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development . . ."

and beliefs to her children without "the state finding, a majority of people finding, or any other single person finding that the opinion is factually accurate, philosophically pleasing, or generally acceptable." She contends that the dependency review orders were based on the court's "disapproval" of her opinions and beliefs, and that there is no evidence that her expression of them has had any harmful effect upon the children.

The "opinions and beliefs", which Mrs. Chubb contends are constitutionally protected speech, are delusions forming a part of her mental illness. They include plots against Mrs. Chubb involving rape, murder and LSD poisoning, plans by the CIA to send bombs to picnics to kill children while cooking hot dogs, and other conspiracies to harm Mrs. Chubb and her children involving her family, ex–spouse, the State, and many others. The findings and the record clearly demonstrate that the children have been harmed by the delusions and would be in danger of suffering additional harm if continued in their presence. The dependency was based on the effect Mrs. Chubb's mental illness was having on the children, the delusions being but a part of the clear and present danger to their well being. These delusory expressions, delivered with great intensity, are not constitutionally protected speech. *Schenck v. United States,* 249 U.S. 47, 63 L. Ed. 470, 39 S. Ct. 247 (1919). Furthermore, the protection of the welfare of the children prevails over the rights of the parent. *In re Sego,* 82 Wn.2d 736, 738, 513 P.2d 831 (1973).

Second, Mrs. Chubb argues that she was denied procedural due process because the judges at the dependency review hearings refused to hear some of her constitutional arguments and did not give proper consideration to the arguments she was permitted to present. The record demonstrates that Mrs. Chubb received full and fair consideration at each review hearing. The only arguments Mrs. Chubb was restricted from making were those that had been correctly ruled upon in prior review hearings. Her right to procedural due process was not violated.

■ Third, Mrs. Chubb contends that RCW 13.34.030(2) denies her right to equal protection, in that the State creates separate classifications of parents and nonparents, and then allows for the regulation of parents' speech without providing for similar regulation of nonparents. RCW 13.34-.030(2) involves only the actions of parents or guardians in regard to their minor children. The fact that nonparents are not subject to the definitions and requirements in the statute does not create an impermissible classification, but rather demonstrates that the State's requirements are tailored to protect the State's interest in protecting minor children. Further, other than when causing psychological damage to the children, there has been no infringement on Mrs. Chubb's right to speak freely, even when delusional. No violation of equal protection has been demonstrated.

Fourth, Mrs. Chubb argues that the dependency was based solely on her expressions of opinion in the form of delusions and claims that there was no evidence that she had abused the children or was an unfit parent. Therefore, she contends that the use of her delusions in place of evidence of abuse, neglect, or maltreatment, was an unconstitutional application of RCW 13.34.130.[2] The record supports the determinations of continuing dependency based on the suffering of the children caused by Mrs. Chubb's mental illness. She has not demonstrated an unconstitutional application of the statute.

Finally, Mrs. Chubb contends that the courts' consideration of her frequent establishment of new residences in Washington, Idaho and Oklahoma, violated her constitutional right to travel. The court considered the frequency of her relocations as bearing upon the likelihood that she could or would establish a stable home for the children. There was no infringement of her right to travel.

---

[2]RCW 13.34.130(1)(b)(iv) provides for removal of a dependent child from the parent's custody if:

"A manifest danger exists that the child will suffer serious abuse or neglect if the child is not removed from the home . . ."

Mrs. Chubb has not demonstrated error in the dependency review hearings warranting discretionary review under the standards of RAP 2.3(b). Discretionary review of the dependency review orders is denied.

### TERMINATION OF PARENTAL RIGHTS

In her appeal from the judgment terminating her parental rights, Mrs. Chubb contends that the court erred in: (1) refusing to send the children to Oklahoma to live with her; (2) finding that there was little likelihood that the conditions between her and the children would improve; (3) finding that as of the date of the termination she was an unfit mother; and (4) entering 22 of the findings of fact. Among those findings of fact are the following:

> The mother's condition is chronic schizoid paranoia. Because of the intensity and chronicity of her condition there is little likelihood that she will ever recover.

Finding of fact 12.

> Even when taking medication Ms. Chubb is incapable of normal parent–child relationships or providing for the emotional needs of her children.

Finding of fact 13.

> At best, moving the children under Ms. Chubb's care would subject the children to profound trauma of a psychological and sociological nature. The physical move to a new location would also have a severe, negative impact on the children's development. It would be disruptive to their progress already made in treatment since placement in foster care.

Finding of fact 14.

These findings, along with the others, support the State's position that the children must not be returned to the custody of Mrs. Chubb. The very extensive and complete record supports each of the findings by evidence which is clear, cogent and convincing, including those finding that Mrs. Chubb was not a fit parent at the time of termination and that there was little likelihood of improvement. The refusal to transfer the children to Mrs. Chubb's

most recent residence in Oklahoma was not a de facto termination of her parental rights. RCW 13.34.130(2)(c) provides that a dependent child shall be placed as close to the child's home as possible, "unless the court finds that placement at a greater distance is necessary to promote the child's or parents' well–being." The findings and record support the determination that the well being of the children was best served by keeping them in Washington.

The State has met its burden of providing clear, cogent and convincing evidence in support of the findings made in the termination proceedings, as required by RCW 13.34-.180. Accordingly, we affirm the judgment following therefrom. *In re Aschauer, supra; In re Sego, supra.*

The appeals from the dependency review orders are dismissed and the judgment terminating Mrs. Chubb's parental rights to Sunny and Vincent is affirmed.

SCHOLFIELD, C.J., and WEBSTER, J., concur.

Review granted by Supreme Court January 10, 1989.